UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole,<br><br>Debtor. | Case No. F08-00110-DMD<br>Chapter 11<br><br>**Filed On 6/16/08** |

## MEMORANDUM REGARDING ADDITIONAL PUBLICATION AND POSTING

Debtor Catholic Bishop of Northern Alaska ("CBNA") has filed a motion which seeks, in addition to other relief, approval of its proposed program for providing notice to unknown claimants in this case.[1] The Unsecured Creditors' Committee ("UCC") asked CBNA to supplement its program. CBNA has agreed to some of the UCC's requests, but the UCC insists that CBNA place notices in three additional publications. For the reasons stated below, I find that CBNA's publication program is sufficient, as is, to satisfy due process requirements.

Discussion

CBNA, an Alaskan religious corporation sole, conducts the civil affairs of the Diocese of Fairbanks. CBNA filed its chapter 11 petition on March 1, 2008. At the time of filing, approximately 150 tort claimants alleging sexual abuse from priests and others

---

[1] Mot. for Order Fixing Time for Filing Proofs of Claim; Approving Claim Forms; and Approving Manner and Form of Notice, filed May 6, 2008 (Docket No. 145).

affiliated with the Diocese had filed civil actions against CBNA. CBNA's insurer disputes coverage of these claims. These factors precipitated CBNA's bankruptcy filing.

CBNA has divided the tort claimants in this case into three categories: those who have filed suit against it, those who have identified themselves to CBNA as claimants but have not yet filed suit, and those who are not presently known to CBNA. According to CBNA, the claimants who have filed suit are all adults who base their claims upon acts which occurred up to 30 years earlier. Individuals falling into the first two categories are known claimants who will each receive notice by mail of the claim bar date in this case. The remaining, unknown claimants will be served notice of the bar date through a publication, posting and broadcast program which CBNA has devised, with input from the UCC.

CBNA's program includes publication of notices in virtually every newspaper in Alaska. CBNA will also publish notices in the nationally distributed paper, USA Today, as well as two newspapers in the Seattle area (the Seattle Times and the Seattle Post Intelligencer),[2] the Oregonian (which is distributed in Portland), the Spokesman Review (which is distributed in Spokane), and the Florence Reminder (which is published in Florence, Arizona). In addition, CBNA will also post notices in post offices, convenience stores and village health clinics and tribal offices located in all areas served by the Diocese. CBNA will place notices in any Parish bulletins that may be circulated in those areas, as well. Notices and claim forms will be placed on CBNA's website. Radio and television

---

[2] According to CBNA's counsel, announcements published in the Seattle Times are automatically published in the Post Intelligencer as well.

2

announcements will be made on Alaska Public Radio, KNOM and KTUU. CBNA will also send notices to more than 260 village corporations, 13 correctional facilities, and 13 regional Native corporations.[3]

Notwithstanding this extensive noticing program, the UCC asks that CBNA provide notice in three additional publications: the Seattle Stranger, which is an alternative Seattle newspaper, the Portland Tribune, and the Military Times. CBNA feels this is unnecessary. It is already posting notices in two Seattle area newspapers and one Portland paper. It also questions the need to publish in the Military Times. CBNA makes two points with regard to the Military Times. First, it notes that any claimants on active military duty would not be foreclosed from filing a late claim because they would be covered by the Servicemembers Civil Relief Act.[4] Second, CBNA's counsel feels, based on her past experience in other Diocese cases, that it is unlikely that individuals serving in the military would have claims in this case. Without additional, more concrete information that military personnel from Alaska would be likely claimants, CBNA doesn't feel the additional expense that would be incurred to publish in the Military Times is justified.

---

[3] *See* Ex. F to CBNA's Notice of Filing Forms of Notice of Claims Bar Date (Non-Tort), Notice of Claims Bar Date ((Tort Claimant), Publication Notice, Confidential Proof of Claim (Sexual Abuse), Proof of Claim (Non-Tort) and Proposed Publication, Posting and Broadcast Program, filed May 29, 2008 (Docket No. 171). Ex. F is supplemented by CBNA's agreement with the UCC to publish notices in the Spokesman Review and the Florence Reminder, and to send notices to the village and regional Native corporations and the 13 correctional facilities.

[4] 50 U.S.C. App. § 501 *et seq.*

To place notices in the three additional publications would increase CBNA's publication expense by almost $9,000.00. CBNA would spend $600.00 to place notices in the Seattle Stranger, $3,200.00 to publish notices in the Portland Tribune, and $5,000.00 to put notices in the Military Times. This would raise the cost of CBNA's noticing program from $32,000.00 to just over $40,000.00. In a typical, commercial chapter 11 case, these might not be substantial sums. To CBNA, however, the additional $9,000.00 which the UCC wants spent for noticing is a significant amount. CBNA contends the additional noticing is unnecessary to satisfy due process. I agree.

The bankruptcy court may order notice by publication in instances where it would be appropriate to supplement notice in this fashion,[5] and has the authority to determine the form and manner by which such notice should be given.[6] Notice by publication is necessary here because the identities of all possible tort claimants in this case are unknown to CBNA. The issue is whether the publication, posting and broadcast program currently proposed by CBNA is sufficient to satisfy due process.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must

---

[5] Fed. R. Bankr. P. 2002(l).

[6] Fed. R. Bankr. P. 9008.

4

> afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.[7]

Publication notice is appropriate in instances "where it is not reasonably possible or practicable to give more adequate warning," such as in cases where "persons are missing or unknown."[8] A debtor is not required to make extensive searches to identify unknown claimants.[9] In evaluating notice, the test is not whether each person actually received notice, but "whether a party acted reasonably in selecting means likely to inform persons affected."[10] Further, there is no basis for requiring a more stringent notice requirement for unknown tort claimants than for unknown trade creditors.[11]

The majority of unknown claimants in this case would be individuals who have either lived in or visited the Parishes within the Diocese of Fairbanks. A large portion of these individuals would likely be Native Alaskans, many of them speaking Yup'ik. I feel that CBNA has well considered this population of unknown claimants in formulating its proposed publication, posting and broadcast program.

---

[7] *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15 (1950) (citations omitted).

[8] *Id.* at 317.

[9] *Charter Int'l Oil Co. v. Ziegler (In re Charter Co.),* 113 B.R. 725, 728 (M.D. Fla. 1990), *citing Mullane*, 339 U.S. at 317-318.

[10] *Charter Int'l*, 113 B.R. at 728.

[11] *Id.*

5

CBNA's proposed publication and broadcast program satisfies the due process requirements enunciated in *Mullane*. Publication of notices in national newspapers, particularly when supplemented by publication in papers of general circulation where a debtor has done business, has been deemed sufficient notice to unknown creditors.[12] CBNA is publishing in a national paper and in almost every local newspaper in Alaska. It is also publishing notices in two Seattle newspapers, one Portland paper, one Spokane paper, and a newspaper published in Florence, Arizona. CBNA's newspaper publication is further supplemented by radio and television announcements, a notice posted on its web site, and notices placed in several locations in the Parishes it serves. Village and regional Native corporations and 13 correctional facilities will receive notices for posting, as well.

The court must balance the need to notify potential claimants with the interests of the existing creditors and claimants, keeping in mind that the bankruptcy estate's resources are limited.[13] From my perspective, the UCC wants to guild the lily by requiring CBNA to place its notice in three additional publications. "It is impracticable . . . to expect a debtor to publish notice in every newspaper a possible unknown creditor may read."[14] CBNA's notices will already be published in USA Today, two Seattle newspapers and two Oregon newspapers. There is nothing to show that further publication in Seattle and Oregon, or in

---

[12] *Chemetron Corp. v. Jones*, 72 F.3d 341, 348-49 (3rd Cir. 1995).

[13] *In re Best Products Co., Inc.,* 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992), *citing Vancouver Women's Health Collective Soc. v. A.H. Robbins Co., Inc.*, 820 F.2d 1359, 1364 (4th Cir. 1987).

[14] *Best Products*, 140 B.R. at 358.

the Military Times, would provide better notice than what CBNA has already agreed to provide.

Publication is, concededly, imperfect notice, but there is no way to guarantee that all potential claimants will receive notice, even if CBNA were to place a notice in every newspaper in the country. I conclude that CBNA's publication, posting and broadcast program satisfies due process requirements. Its program will be approved.

An order will be entered consistent with this memorandum.

DATED: June 16, 2008

                    BY THE COURT


                    /s/ Donald MacDonald IV
                    DONALD MacDONALD IV
                    United States Bankruptcy Judge

Serve:  S. Boswell, Esq.
        M. Mills, Esq.
        D. Bundy, Esq.
        J. Stang, Esq.
        R. Orgel, Esq.
        ECF Participants
        C. Cooke, Esq.
        C. Linscott, Esq.
        U. S. Trustee

            06/16/08