UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole,

Debtor.

Case No. F08-00110-DMD
Chapter 11

**Filed On 6/27/08**

# MEMORANDUM ON CONTINENTAL INSURANCE COMPANY'S MOTION FOR LIMITED RELIEF FROM STAY

Continental Insurance Company has moved for limited relief from stay so that the United States District Court can hear oral argument on and determine cross motions for summary judgment in litigation pending before that court entitled *Continental Insurance Company v. Catholic Bishop of Northern Alaska*, U.S.D.C. Case No. 3:06-cv-00019-TMB. Debtor CBNA and the Unsecured Creditors' Committee oppose the motion. For the reasons stated below, I find that the motion should be granted.

Background

CBNA filed its chapter 11 petition on March 1, 2008. At the time of filing, approximately 150 tort claimants alleging sexual abuse from priests and others affiliated with the Diocese had filed civil actions against CBNA. CBNA's insurers dispute coverage of these claims. These factors precipitated CBNA's bankruptcy filing.

One of the insurance companies involved in this bankruptcy proceeding is Continental Insurance Company ("CIC"). CIC filed a complaint for declaratory relief in the United States District Court for the District of Alaska on January 19, 2006 ("the USDC case"), more than two years before CBNA filed its bankruptcy petition. CBNA contends CIC issued an insurance policy which provided CBNA with general liability coverage for the period from 1974 through 1979. Such coverage would undoubtedly be a major asset in CBNA's bankruptcy case, as it would provide a means of compensation to tort claimants whose injuries arose during those years. However, neither CBNA nor CIC has been able to locate a copy of the policy. While CIC agreed to provide a defense to CBNA as to some of the tort claims, it did so subject to a complete reservation of rights and initiated the USDC case seeking a determination that no general liability coverage exists. Specifically, CIC's complaint prays for an order declaring that it has no duty to defend or indemnify CBNA with respect to the tort claims, and asks that CBNA be required to reimburse it for defense costs pursuant to its reservation of rights. CIC also asks for an award of attorney fees and costs incurred in the prosecution of the USDC case.

At the time CBNA's petition was filed, cross motions for summary judgment were pending in the USDC case. Oral argument on the cross motions, scheduled for hearing on April 10, 2008, was stayed due to the bankruptcy filing. CBNA filed a motion in the District Court to refer the USDC case to this court on April 24, 2008. On May 12, 2008, CIC filed an opposition to that motion and also filed its motion for limited relief from stay in this court.

CIC asks for limited relief from stay so that oral argument can go forward on the cross motions for summary judgment and the District Court can determine the motions. CIC argues that cause exists to grant relief from stay because the USDC case is a non-core proceeding, the summary judgment motions are ripe for determination, and no bankruptcy goals would be served by continuing the stay. CIC contends that the stay, as it applies to the USDC case, is "creating a log-jam that is preventing the successful negotiation of a consensual plan of reorganization."[1]

CBNA opposes CIC's motion. It argues that the USDC case concerns one of the most significant assets of the estate. CBNA also argues that CIC's prayer for recovery of its defense costs involves, potentially, one of the most significant claims against the estate. CBNA says the USDC case is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). CBNA further contends CIC's motion is premature, urging this court to wait until the District Court has ruled on the motion to refer the USDC case to this court and the bankruptcy claim bar deadline has passed.

The Unsecured Creditors' Committee has filed a joinder to CBNA's opposition. The Committee says granting stay relief would be premature at this time because such relief could materially and adversely impact the tort claimants and the Committee's ability to reach a consensual resolution in the bankruptcy case.

---

[1] *CIC's Mot. for Limited Relief From Stay,* filed May 12, 2008 (Docket No. 155), at p. 5.

3

Discussion

The bankruptcy court has jurisdiction to determine "core proceedings" under 28 U.S.C. § 157(b)(1).  CBNA argues that the USDC case is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).  These subsections provide:

> (2)  Core proceedings include, but are not limited to –
>
> (A) matters concerning the administration of the estate;
>
> (B)  allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> . . . .
>
> (O)   other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.[2]

State law contract claims which arguably fall within the "catch-all provisions" of § 157(b)(2)(A) and (O) are non-core proceedings under 28 U.S.C. § 157(c).[3]  Actions are non-core if they could proceed in another court and do not depend upon bankruptcy laws for

---

[2] 28 U.S.C. § 157(b)(2).

[3] *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 162 (9th Cir. 1986).

4

their existence.[4]  The USDC case is not a core proceeding under § 157(b)(2)(A) and (O). This action has been pending for two years prior to the filing of CBNA's bankruptcy petition, and clearly does not depend upon the bankruptcy laws for its existence.

Nor does the USDC case become a core proceeding under § 157(b)(2)(B) because CIC may, potentially, have a claim against the estate for its defense costs.  The issue to be resolved in the USDC case is not the allowance or disallowance of a claim, but whether CIC has a claim against the estate in the first place.[5]  The declaratory judgment action which is pending in the District Court has not been transformed into a core proceeding under § 157(b)(2)(B) simply because resolution of that case may result in a claim against the estate.

> While there can be no serious doubt that claims filed in bankruptcy are within the bankruptcy court's core jurisdiction, the filing of a claim does not consolidate it with the pending state law case (into the claim) even though they are based on the same transaction.  Both continue to exist, and must be considered, separately.[6]

The USDC case is a non-core, related proceeding under 28 U.S.C. § 157(c). Absent consent of all parties to the case, a bankruptcy court's determinations on non-core matters are subject to *de novo* review by the district court.[7]  CIC doesn't consent to this

---

[4] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004), *citing Sec. Farms v. Int'l Bhd. of Teamsters (In re Gen'l Teamsters, Warehousemen and Helpers Union Local, 890)*, 124 F.3d 999, 1008 (9th Cir. 1997).

[5] *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1168 (9th Cir. 1990).

[6] *Benedor Corp. v. Conejo Enter., Inc. (In re Conejo Enter., Inc.)*, 96 F.3d 346, 349 (9th Cir. 1996).

[7] *Dunmore*, 358 F.3d at 1115; *see also Sec. Farms*, 124 F.3d at 1008.

5

court's jurisdiction. Accordingly, this court would be required to submit proposed findings of fact and conclusions of law to the district court, which would enter a final judgment after a de novo review.[8]

11 U.S.C. § 362(d)(1) authorizes the bankruptcy court to grant a party relief from the automatic stay "for cause." "Cause" is not defined by the Bankruptcy Code, and is determined on a case by case basis.[9] Cause to lift the stay has been found in instances where litigation was pending in another forum prior to the filing of the bankruptcy.[10] Judicial economy is one factor considered by courts in such instances.[11] Judicial economy is also a consideration when determining whether to withdraw the reference of a non-core proceeding.[12]

Because the USDC case is a non-core proceeding, I feel it is appropriate to grant limited relief from stay so that the District Court can hear and determine the pending

---

[8] 28 U.S.C. § 157(c).

[9] *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985).

[10] *Id.* [stay lifted to allow state court suit re modification of spousal support to proceed]; *see also Tucson Estates*, 912 F.2d at 1162, (9th Cir. 1990) [bankruptcy court improperly characterized state court class action suit as a core proceeding under § 157(b)(2); stay should have been lifted to permit state court action to proceed]; *Castlerock Properties*, 781 F.2d at 163 [stay vacated to permit state court contract action to proceed]; *Beguelin v. Volcano Vision, Inc. (In re Beguelin)*, 220 B.R. 94, 97-98 (B.A.P. 9th Cir. 1998) [stay lifted to permit state court to enter final judgment]; *Santa Clara County Fair Ass'n, Inc. v. Sanders (In re Santa Clara County Fair Ass'n, Inc.*, 180 B. R. 564, 566-67 (B.A.P. 9th Cir. 1995) [stay lifted to permit Title VII action to proceed in federal district court]; *Peerless Ins. Co. v. Rivera*, 208 B.R. 313 (D.R.I. 1997) [stay lifted so declaratory judgment action regarding insurance coverage dispute could proceed].

[11] *Tucson Estates*, 912 F.2d at 1169; *Beguelin*, 220 B.R. at 97-98; *Santa Clara County Fair Ass'n, Inc.*, 180 B. R. at 566-67.

[12] *Sec. Farms*, 124 F.3d at 1009.

6

cross motions for summary judgment which have been filed in the USDC case. CBNA urges this court to wait until the District Court has determined the motion to refer the USDC case to this court before lifting the stay, but I see no reason to do so. I would be limited by § 157(c) to preparing proposed findings of fact and conclusions of law in the USDC case, which would then be referred back to the District Court for a de novo review and entry of final judgment.

CBNA also says the stay should remain in effect until the claim bar date has elapsed in this case. But the situation here is distinguishable from the facts in *Conejo*,[13] which CBNA relies upon heavily to support this argument. In *Conejo*, a creditor moved for relief from stay to continue prosecution of a state court breach of contract case. The Ninth Circuit found that the bankruptcy court had considered three legitimate grounds in denying relief from stay:

> (1) staying the state action gave the bankruptcy court and the other parties time to see whether [the creditor] would file a proof of claim before the upcoming claims bar date, or effectively waive its right to payment from the bankruptcy estate; (2) staying the state action promoted judicial economy by minimizing the duplication of litigation in two separate forums and promoting the efficient administration of the estate; and (3) staying the state action preserved a level playing field for negotiation of a consensual reorganization plan.[14]

---

[13] *Benedor Corp. v. Conejo Enter., Inc. (In re Conejo Enter., Inc.)*, 96 F.3d 346, 349 (9th Cir. 1996).

[14] *Id.* at 352.

7

CBNA contends the same considerations are present here. I disagree. In *Conejo*, the existence of the contract between the creditor and debtor were not disputed; the issue was one of breach and damages. In contrast, the USDC case was filed to determine whether a contract of insurance *exists*. It seems to me that this issue must be resolved before CIC could even consider whether or not to file a claim in this case, and before CBNA can negotiate, in any meaningful fashion, a plan of reorganization.[15] And while one of the purposes of the automatic stay is to preserve a level the playing field between the debtor and its creditors during the pendency of plan negotiations, it is not appropriate to use the stay as a shield to postpone determination of an issue which will help define both the extent of the debtor's assets and the magnitude of its liability. The USDC case should be permitted to go forward, on the limited basis requested by CIC, so the issue of insurance coverage can be determined and, since this is a non-core proceeding, judicial economy favors lifting of the stay so that this issue can be resolved from the outset by the District Court.

For the foregoing reasons, CIC's motion for limited relief from stay will be granted. An order will be entered consistent with this memorandum.

DATED: June 27, 2008

BY THE COURT

/s/ Donald MacDonald IV

---

[15] *See, e.g., Tucson Estates*, 912 F.2d at 1169 [allowing state court action to proceed would facilitate bankruptcy by liquidating 1,600 - 2,300 class action plaintiff claims]; *Peerless Ins. Co.*, 208 B.R. at 317-18 [in considering whether to grant relief from stay, the court noted that the interest of creditors, and personal injury claimants in particular, would be affected by *how* the declaratory action regarding existence of insurance coverage was decided, rather than by which court decided the issue].

DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: S. Boswell, Esq.
M. Mills, Esq.
D. Bundy, Esq.
J. Stang, Esq.
R. Orgel, Esq.
ECF Participants
C. Cooke, Esq.
C. Linscott, Esq.
U. S. Trustee
Hon. Timothy M. Burgess (courtesy copy re U.S.D.C. Case No. 3:06-cv-00019-TMB)

06/27/08

9