# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole,

      Debtor.

Case No. F08-00110-DMD
Chapter 11

**Filed On 12/23/08**

## MEMORANDUM ON FIRST INTERIM FEE APPLICATION OF DORSEY & WHITNEY

Pending before the court is the First Interim Fee Application of Dorsey & Whitney ("D&W"). The application covers the period from March 1, 2008, through October 31, 2008. D&W requests an award of fees in the amount of $109,981.50 and costs in the sum of $6,277.16, for a total of $116,258.66. No objections to the application have been filed.

The bankruptcy court may, in accordance with 11 U.S.C. § 330(a), award a professional representing a debtor "reasonable compensation for actual, necessary services rendered" to the debtor, as well as "reimbursement for actual, necessary expenses."[1] The court may award a professional compensation in a lesser amount than has been requested.[2] The court must ensure that attorneys who represent a debtor do so in the best interests of the bankruptcy estate, and that they charge reasonable fees for services which in fact benefit the

---

[1] 11 U.S.C. § 330(a)(1).

[2] 11 U.S.C. § 330(a)(2).

estate.[3]  To assist the court in determining whether requested fees or costs are, in fact, reasonable and necessary, fee applicants in this district must separately itemize each service rendered with sufficient description to permit the court to make this determination.[4]  Entries for "research" or "telephone call" without further details are insufficient.[5]  Further, normal overhead expenses are not reimbursable under § 330(a).[6]  Overhead expenses include secretarial and clerical services, as well as the cost of stationery and the other normal expenses of running an office.[7]

I have reviewed D&W's first interim fee application and find most of the amounts requested reasonable.  I do feel some adjustments are required, however.  First, based on the descriptions contained in the fee itemization, I feel that some of the time billed by D&W's paralegal staff is more in the nature of secretarial or clerical work, which is not compensable under § 330(a).  The following entries will be disallowed on this basis:

| Case Administration | | | | |
|---|---|---|---|---|
| 03/03/08 | N. Stites | Print documents and assemble 2 sets of notebooks-Petition/Schedules and First Day Motions | 7.5 | $562.50 |
| 03/04/08 | N. Stites | Print off attached documents in e-mails and add to notebooks | 7.5 | 562.50 |

---

[3] *Neben & Starrett, Inc., v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995).

[4] Ak LBR 2016-1(c)(3).

[5] *Id.*

[6] *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1374 (9th Cir. 1994).

[7] *Id.*

2

| 03/05/08 | M. Droege | Review pleadings filed to date, establish filing system and assign file numbers | 2.0 | 320.00 |
|---|---|---|---|---|
| 03/06/08 | M. Droege | Review initial motions, objections, orders and other pleadings and organize for filing | 1.5 | 240.00 |
| 03/07/08 | M. Droege | Work on filing system | .5 | 80.00 |
| 05/05/08 | M. Droege | Arrange for payment and retrieval of transcripts | .2 | 32.00 |
| 05/28/08 | M. Droege | Arrange for delivery of objection to court | .2 | 32.00 |
| 07/07/08 | M. Droege | Review and categorize pleadings for docketing and filing | .6 | 96.00 |
| Asset Analysis and Recovery | | | | |
| 09/03/08 | M. Droege | Arrange for title policy on Kougarok property | .5 | 80.00 |
| Asset Disposition | | | | |
| 07/03/08 | M. Droege | Locate and forward copy of Aircraft lease to S. Boswell and G. Bowden | .5 | 80.00 |
| Fee/Employment Applications | | | | |
| 03/26/08 | M. Droege | Arrange for transcription of hearing on first day motions | .4 | 64.00 |
| 03/28/08 | M. Droege | Telephone conference with court regarding transcript request and arrange for issuance of check and delivery to court | .4 | 64.00 |
| 05/20/08 | M. Droege | Follow up on outstanding transcript requests | .3 | 48.00 |
| 05/21/08 | M. Droege | Arrange for transcript of status hearing (0.2 + 0.2 HOURS - NO CHARGE); scan and forward first day motions transcript to S. Boswell (.2) | .4 | 64.00 |
| 05/30/08 | M. Droege | Arrange for delivery of documents to clerk's office | .1 | 16.00 |
| Business Operations | | | | |
| 05/06/08 | M. Droege | Arrange for delivery of motions on claims bar date and future claimants representative to judge's chambers; arrange for retrieval of transcripts | .5 | 80.00 |
| 05/29/08 | M. Droege | Compile and deliver documents to clerk's office | .3 | 48.00 |
| 06/09/08 | M. Droege | Arrange for tape of May 29th hearing on procedure for claims | .5 | 80.00 |

3

| Claims Administration and Objections Issues | | | | |
|---|---|---|---|---|
| 07/10/08 | M. Droege | Trip to court to obtain claim copies, scan and distribute | 1.0 | 160.00 |
| 08/14/08 | M. Droege | Trip to bankruptcy court to obtain copies of confidential claims; scan and serve same on S. Boswell and client | 1.5 | 240.00 |
| 08/29/08 | M. Droege | Retrieve confidential claims from bankruptcy court | .5 | 80.00 |
| 09/03/08 | M. Droege | Review and distribute confidential claims | .5 | 80.00 |
| 09/11/08 | M. Droege | Retrieve additional 120 confidential claims; scan and disseminate | 3.8 | 608.00 |
| 10/20/08 | M. Droege | Retrieve confidential claims from court | .4 | 68.00 |
| 10/21/08 | M. Droege | Compile, scan and forward confidential proofs of claim to client and S. Boswell | 1.2 | 204.00 |
| Total disallowed as secretarial overhead: | | | | $3,989.00 |

Other minor adjustments to D&W's requested fees are required. A typographical error exists in the "Asset Analysis and Recovery" portion of the fee itemization, with regard to time expended by K. Sanders on September 2, 2008.[8] The fee description indicates that 1 hour of time would be billed for K. Sanders' services that day and 1.7 hours of time would be "no charge." However, 1.7 hours of time was billed instead of 1.0 hours. This fee entry will be reduced by .7 hours (or $192.50), and the sum of $275.00, rather than $467.50, will be allowed.

A substantial amount of time was billed for researching various issues in this case. Extensive research time is understandable where an issue is complex or unique.

---

[8] Ex. A, p. 6, to 1st Interim Fee Application of Dorsey & Whitney LLP, filed Nov. 12, 2008 (Docket No. 282).

4

However, research time for a fundamental bankruptcy issue is not compensable. Accordingly, the time expended on April 2, 2008 (1.2 hours, $192.00) and April 9, 2008 (3.0 hours, $480.00) for research on "avoidance statutes," without further explanation, will not be allowed.

With regard to D&W's requested expenses, some items require adjustment as well. As noted previously, normal overhead expenses are not reimbursable under § 330(a).[9] Accordingly, the "supplies" itemized by D&W, in the sum of $45.50 will be disallowed. The "after hours secretarial support," in the sum of $78.00, will also be disallowed. No explanation has been provided as to why the overtime support was necessary. Finally, the photocopy charges of $1,182.68 will be reduced by half. D&W charged copies at the rate of $.20 per page. This per-page amount is allowable under guidelines established by the Office of the United States Trustee for the District of Alaska, unless the number of copies being made is voluminous. At the rate of $.20 per page, D&W is billing for almost 6,000 copies. Under the circumstances, I feel that an allowance of $.10 per page is more appropriate.

Finally, D&W has billed $759.90 for Westlaw research charges. There is little consensus among bankruptcy courts regarding the allowance of computer-assisted legal research ("CALR") charges under § 330(a).[10] From my perspective, a fixed subscriber fee

---

[9] *United States Trustee*, 32 F.3d at 1374.

[10] *See In re Fibermark, Inc.*, 349 B.R. 385, 399 (Bankr. D. Vt. 2006).

5

which is paid by a firm to access an electronic research database is akin to the subscription costs a firm might pay for legal digests and reporters. Such charges are normal overhead costs, not reimbursable from the estate.[11] On the other hand, the cost of conducting CALR on a specific issue for a particular client, to the extent that this cost is actually billed to the firm independently of a subscriber fee, is an allowable expense under § 330(a).[12] Such costs will be allowed by this court provided: (1) the issue being researched is sophisticated; (2) the applicant details the topics being researched, including the length of time spent on each topic and the person conducting the search, and (3) the applicant certifies that the cost has been separately invoiced from the vendor.[13] D&W has specified the dates that Westlaw research was conducted, but has not provided the other details required for this court to determine whether the computerized research charges should be allowed.[14] The Westlaw charges will be disallowed at this time, but the court will reconsider these costs if an appropriate itemization is provided.

    D&W's first interim fee application will be allowed as follows:

---

[11] *Id.*

[12] *Id.* at 399-400.

[13] *See, e.g., Fibermark*, 349 B.R. at 400; *In re Bob's Supermarkets, Inc.*, 12 Mont. B.R. 114, 124 (9th Cir. B.A.P. 1992), *citing In re Auto. Warranty Corp.*, 138 B.R. 72, 83 (Bankr. D. Colo. 1991).

[14] This information should be provided with the itemization of the Westlaw charges. The fact that fees for research conducted by the firm have been separately itemized in another portion of the fee application does not satisfy this requirement, particularly where several individuals have conducted legal research on different issues on a given day.

6

| Fees requested: | $109,981.50 |
|---|---|
| Secretarial/clerical services: | <3,989.00> |
| Typographical error: | <192.50> |
| Research of fundamental issues: | <672.00> |
| **Total Fees Allowed:** | **$105,128.00** |
| Costs requested: | $6,277.16 |
| Supplies/Secretarial overtime: | <123.50> |
| Photocopy costs (1/2): | <591.34> |
| Westlaw charges: | <759.90> |
| **Total Costs Allowed:** | **$4,802.42** |

An order will be entered consistent with this memorandum.

DATED: December 23, 2008

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  M. Mills, Esq.
K. Nye, Esq.
L. Winkelman, Esq.
R. Groseclose, Esq.
S. Boswell, Esq.
D. Bundy, Esq.
H. Rafatjoo, Esq.
J. Stang, Esq.
R. Orgel, Esq.
ECF Participants
P. Sievers, Esq.
K. Covell, Esq.
C. Linscott, Esq.
K. Hill, Esq.

12/23/08

7