UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole,<br><br>Debtor. | Case No. F08-00110-DMD<br>Chapter 11<br><br>**Filed On 2/24/09** |

**MEMORANDUM REGARDING 2004 EXAMINATION**
**[Society of Jesus Oregon Province]**

On January 20, 2009, the Unsecured Creditors Committee (UCC) filed a motion for examination of the custodian of records for both the Society of Jesus Oregon Province and the Jesuit Oregon Province Archives (JOPA). The purpose of the examinations was to find insurance policies that may have been purchased for the Catholic Bishop of Northern Alaska in years gone by. Subsequent to the motion, the Jesuit Oregon Province filed for Chapter 11 relief. The Jesuits raise a number of defenses to the motion. They also allege that the examination may violate the automatic stay.

The 2004 examination is not a judicial proceeding "against the debtor" under 11 U.S.C. § 362(a)(1). Rather, it is simply an attempt to discover insurance information regarding C.B.N.A., not the Oregon Province Jesuits. I agree with Collier. "Litigation in which the debtor is not a party and that only collaterally affects the debtor is not stayed."[1] In a similar case, the ninth circuit BAP found that a debtor had to comply with discovery

---

[1] 3 COLLIER ON BANKRUPTCY ¶ 362.03[3].

requests in a multi-defendant case in which she was a defendant. The automatic stay did not protect her from discovery regarding third parties.[2]

The Society of Jesus Oregon Province has submitted a detailed response to the debtor's original motion and furnished the debtor with hundreds of pages of relevant documents. In their reply brief, the UCC has a very limited request for additional discovery. The Society of Jesus Oregon Province stated at page ten of their brief: "Certain insurance related documentation that was recovered relative to the Province was not produced because it simply was not relevant . . . was not subject to disclosure under Alaska Civil Rule 26 or a request for production, Affidavit of James M. Gorski." Production of such documents is reasonable and should be allowed. The UCC also seeks access to complete the Marsh report from JOPA upon ten days notice and to subpoena an Oregon Jesuit custodian of records upon the same notice. These requests are reasonable and will also be granted. An appropriate order will be entered.

DATED: February 24, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:	S. Boswell, Esq.
	J. Stang, Esq.
	D. Bundy, Esq.
	F. Odsen, Esq.
	J. Gorski, Esq.
	K. Hill, Esq.
	ECF Participants

02/24/09

---

[2] *Baker v. Miller* (In re Miller), 262 B.R. 499 (9th Cir. B.A.P. 2001).

2