# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA, a/k/a Catholic Diocese of Fairbanks, a/k/a The Diocese of Fairbanks, a/k/a CBNA,<br><br>Debtor. | Case No. F08-00110-DMD<br>Chapter 11<br><br>**Filed On 7/20/09** |

## MEMORANDUM ON MOTIONS FOR RULE 2004 EXAMINATIONS
## (The Monroe Foundation, Inc., and Catholic Trust of N. Alaska)

The Official Committee of Unsecured Creditors ("UCC") has filed two sets of motions, one set seeking production of documents from the Monroe Foundation, Inc., and the other set seeking production of documents from the Catholic Trust of Northern Alaska (collectively, "the entities"). The motions are:

1) Motion for Order Directing the Monroe Foundation, Inc., to Produce Documents Pursuant to Rule 2004, filed July 13, 2009 (Docket No. 486);

2) Motion to Compel The Monroe Foundation, Inc.'s Compliance with Subpoena for Production of Documents, filed July 13, 2009 (Docket No. 487);

3) Motion for Order Directing the Catholic Trust of Northern Alaska to Produce Documents Pursuant to Rule 2004, filed July 15, 2009 (Docket No. 489); and

4) Motion to Compel Catholic Trust of Northern Alaska's Compliance with Subpoena for Production of Documents, filed July 15, 2009, Docket No. 490).

Each set of motions seeks the same relief: compliance with a subpoena for production of records. A subpoena was issued to the Monroe Foundation, Inc., on June 18, 2009, seeking the production of documents by July 7, 2009. The subpoena to The Catholic Trust of

Northern Alaska was issued on June 23, 2009, and requested production by July 13, 2009. A motion to quash has not been filed with respect to either of the subpoenas.

The UCC argues that neither of the entities are true "third parties" but are in fact controlled by debtor CBNA. The UCC says the documents it has requested from the entities relate to the issues which it has raised regarding the debtor's amended disclosure statement. The UCC has filed an objection to the amended disclosure statement. A disclosure statement hearing was held on June 18, 2009, and the matter is currently under advisement.

Examination under Fed. R. Bankr. P. 2004 is generally an expedited process, usually resolved on an *ex parte* basis.[1] The UCC asks for an order compelling the entities to produce the records by the later of July 31, 2009, or 5 days after the court issues its ruling on the motions for 2004 examination. The two motions to compel, however, have a longer "fuse," as this court's local rules provide for a 20-day objection period and a reply period thereafter of 7 days.[2] Here, the UCC is seeking the same relief under both types of motions. The UCC advises that the entities object to the Rule 2004 motions.

This court usually sets a hearing on an expedited basis when a Rule 2004 motion is contested. However, under the circumstances present here, there are two reasons why I feel that the motions to compel are the UCC's more appropriate avenue for seeking the

---

[1] 9 COLLIER ON BANKRUPTCY ¶ 2004.01[2] (15th ed. revised 2009).

[2] Ak LBR 9013-1(b), (c).

relief it has requested. First, there is a dispute as to whether these entities are truly independent "third parties" or simply arms of the debtor. While Rule 2004 allows the examination of "any entity,"[3] such examination can "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor."[4] Without making a conclusive determination on that issue here, it appears to the court that some of the production requests found in the subpoenas may be outside of the allowed scope of Rule 2004 if the entities are indeed independent of the debtor.

A second, and more significant, reason is the fact that the UCC is seeking this production with reference to the debtor's amended disclosure statement. Because the UCC has objected to the pending disclosure statement, it has become a contested matter.[5] Discovery within a contested matter is governed by Fed. R. Bankr. P. 7026 - 7037, rather than the more expedited procedure of Rule 2004.[6] For this reason, the two motions for Rule 2004 examination will be denied, without prejudice, and a briefing schedule and hearing date will be set on the UCC's motions to compel production.

---

[3] Fed. R. Bankr. P. 2004(a).

[4] Fed. R. Bankr. P. 2004(b).

[5] *See* Advisory Committee Note to Fed. R. Bankr. P. 9014 ("[T]he filing of an objection . . . to a disclosure statement creates a dispute which is a contested matter.").

[6] Fed. R. Bankr. P. 9014(c); *see also* 9 COLLIER ON BANKRUPTCY ¶ 2004.01[1].

3

An order will be entered consistent with this memorandum.

DATED: July 20, 2009

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  D. Bundy, Esq.
J. Stang, Esq.
S. Boswell, Esq.
K. Nye, Esq.
M. Mills, Esq.
F. Elsaesser, Esq.
J. Haselberger (representative for Catholic Trust of Northern Alaska),
    P.O. Box 80689, Fairbanks, AK  99708
P. Doogan, Esq. (representative for The Monroe Foundation, Inc.),
    711 Betty Street, Fairbanks, AK  99701
K. Hill, Esq.
U. S. Trustee

07/20/09