# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

CATHOLIC BISHOP OF NORTHERN
ALASKA, an Alaska religious
corporation sole,

Debtor.

Case No. F08-00110-DMD
Chapter 11

Filed On
9/11/09

## MEMORANDUM ON MOTION TO EXTEND EXCLUSIVITY PERIOD

The debtor, CBNA, through stipulation with the Official Committee of Unsecured Creditors, extended the exclusivity period of 11 U.S.C. § 1121(c)(3) to June 15, 2009.[1]  CBNA thereafter moved to extend the exclusivity period to August 31, 2009, and for other relief.[2]  Following a hearing on this motion, I granted interim relief.  My order stated:

> IT IS ORDERED that the debtor's motion to extend the exclusivity period found in 11 U.S.C. § 1121(d) is granted, on an interim basis, until such time as the court determines the adequacy of the debtor's first amended disclosure statement.  A ruling on the debtor's request for an extension of time until the later date of August 31, 2009, will be made concurrently with that determination.[3]

---

[1] Order to Extend Exclusivity, entered Jan. 13, 2009 (Docket No. 338).

[2] CBNA's Motion for Order Under 11 U.S.C. § 1121(d) Extending Exclusive Period While Debtor Solicits Acceptance of its Plan of Reorganization, filed May 20, 2009 (Docket No. 450).

[3] Order Granting Interim Extension of Exclusivity Period Until Adequacy of First Amended Disclosure Statement Has Been Determined, entered June 17, 2009 (Docket No. 473).

I have now ruled on the adequacy of the disclosure statement and made other determinations. While August 31, 2009, has come and gone, the debtor also sought "such other and further relief as the court deems just and necessary under the circumstance."[4] Logically, this relief would consist of extending the exclusivity period to November 1, 2009.

11 U.S.C. § 1121(d)(1) authorizes the court to extend the exclusivity period "for cause." Cause is not defined in the bankruptcy Code. Courts rely on nine factors in determining cause. They are:

(a) the size and complexity of the case;

(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c) the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in negotiations with its creditors;

(g) the amount of time which has elapsed in the case;

(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

---

[4] CBNA's Motion (Docket No. 450), at 6.

2

(i) whether an unresolved contingency exists.[5]

Applying these factors leads to mixed results. When viewed from a national standpoint, this is not a big case. There are not many major assets. There are three hundred claims for sexual abuse. The case is complex because it involves the reorganization of a religious corporation. There are substantial issues with regard to what constitutes property of the estate. There are also constitutional issues regarding the free exercise of religion as well as the application of the Religious Freedom Restoration Act. Those issues have yet to be resolved. Has the debtor had sufficient time to negotiate a plan and prepare a disclosure statement? The debtor has attempted negotiations with the Committee and some insurance carriers on several occasions without success. The debtor has prepared a disclosure statement but it will have to be revised in light of this court's latest rulings. While the debtor has made good faith efforts to resolve plan issues with the Committee, there has been no discernable progress toward reorganization. I have no information as to whether the debtor is paying its bills as they become due. My suspicion is that ordinary post-petition creditors are being paid in the normal course of business but that creditors with administrative claims, which are very large in this case, are not being paid.

Has the debtor demonstrated reasonable prospects for filing a viable plan? It has filed a plan that was to be funded, in large part, by insurance proceeds from Continental Insurance Company ("CIC"). In a separate proceeding, I have found that CIC has no liability

---

[5] *In re Adelphia Communications Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006), *citing In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D.Mich. 1997).

to the debtor or the sex abuse claimants because the debtor has been unable to produce sufficient secondary evidence to establish that CIC issued a liability insurance policy in its favor.  Given that ruling, I conclude that the debtor has not demonstrated reasonable prospects for filing a viable plan at this stage of the proceedings.  The debtor can amend the plan in light of this court's ruling, however, and propose a plan that has viability.

Has the debtor made progress in negotiations with its creditors?  The debtor has attempted to mediate its disputes with the Committee on several occasions without any success.  The debtor also attempted to mediate with several insurance carriers.  Over 18 months have elapsed since the case was filed.  Is the debtor seeking the extension to pressure creditors to submit to its demands?  Possibly.  But considering the exclusivity period will lapse on November 1, 2009, I think the debtor's ability to pressure creditors, if this is its goal, is at this point very limited.

The final factor to consider is whether an unresolved contingency exists.  Here, there are several unresolved contingencies.  One contingency is the outcome of the coverage case the debtor has against its remaining insurers.[6]  A second major contingency would be the debtor's prospects of overturning this court's ruling in the Continental case on appeal.

After consideration of all relevant factors, I find there is no compelling reason for finding, or not finding, "cause" for extension of the exclusivity period.  I do feel there is an additional factor which deserves consideration here, though.  The debtor has never had the opportunity to submit a plan for confirmation during the long tenure of this case.  I think

---

[6] *Catholic Bishop of N. Alaska v. Continental Ins. Co.,* Adv. No. F08-90019-DMD.

the debtor deserves at least one shot at presenting and confirming a plan without the distraction of a competing plan from the Committee.  If the debtor is unsuccessful, the Committee can present a plan after November 1st of this year.   From my standpoint, allowing more time for exclusivity will facilitate a "fair and equitable resolution"[7] of this case.  The motion for extension of the exclusivity period will be granted.

DATED: September 11, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  S. Boswell, Esq.
        M. Mills, Esq.
        F. Elsaesser, Esq.
        D. Paige, Esq.
        D. LaGory, Esq.
        D. Spector, Esq.
        M. Pompeo, Esq.
        W. Corbett, Esq.
        P. Nash, Esq.
        R. Dykstra, Esq.
        C. Ekberg, Esq.
        R. Orgel, Esq.
        J. Stang, Esq.
        CM/ECF Participants
        K. Hill, Esq.
        U. S. Trustee
              9/11/09

---

[7] *In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002).

5