UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

CATHOLIC BISHOP OF NORTHERN ALASKA,

          Debtor.

Case No. F08-00110-DMD
Chapter 11

Filed On
1/21/10

## MEMORANDUM ON SANCTIONS

The debtor, Catholic Bishop of Northern Alaska ("CBNA") has moved for an order to show cause why sanctions should not be imposed against Louis and Nancy Green, and their attorney, Bryon Collins, for violation of the automatic stay. The Greens filed a quiet title action against CBNA after this bankruptcy case was initiated. I find in favor of CBNA. Its motion will be granted.

Background

CBNA has been in chapter 11 since March 1, 2008. CBNA scheduled an interest in real property described as "Pilgrim Springs: geothermal hot springs 70 miles northeast of Nome, AL [sic]; 320 acres lease until 2068."[1] The property was deeded to CBNA in 1917 and used as a mission church and then an orphanage until 1941. In 1969, CBNA entered into a lease with Pilgrim Springs, Ltd. for use of the property. The lease was amended in 1974 and again in 1980. The term of the lease was 99 years. Under its terms, Pilgrim Springs, Ltd., was authorized to operate a resort or other business enterprise on the

---

[1] Debtor's Schedule A, filed Mar. 2, 2008 (Docket No. 19), at 3.

property, develop the property's geothermal resources and conduct oil, gas and mining operations.[2]

CBNA moved to terminate its lease with Pilgrim Springs, Ltd., on November 7, 2008.[3] No objections to the motion were filed, and it was granted on December 5, 2008.[4] However, on December 2, 2008, Louis and Nancy Green filed a proof of claim in this case for $263,143.00.[5] The claim stated that the cancellation of the lease with Pilgrim Springs, Ltd., would "cause them to lose a financial interest" in that amount. The attachment to the Greens' claim stated that they were owed various sums for "labor, equipment, operating and transportation cost in connection with carrying-out duties as care-takers and agents at Pilgrim Hot Springs for Pilgrim Springs LTD."[6] The Greens subsequently withdrew this claim on July 2, 2009.[7]

On November 25, 2009, the Greens filed a complaint, pro se, against CBNA in state superior court in Nome to quiet title to the Pilgrim Springs property.[8] The complaint

---

[2] These facts are summarized from CBNA's Mot. Pursuant to 11 U.S.C. §§ 541, 542 and 105 for an Order Approving (I) CBNA's Rescission and Termination of Lease, and (II) Requiring Former Tenant to Turnover Possession of Property, filed Nov. 7, 2008 (Docket No. 278), at 3-4.

[3] *Id.*

[4] Order Granting Mot., entered Dec. 5, 2008 (Docket No. 306).

[5] Proof of Claim No. 23.

[6] *Id.* at 2.

[7] Ntc. of Withdrawal of Claim, filed Jul. 2, 2009 (Docket No. 482).

[8] CBNA's Emergency Mot. for Order to Show Cause why Sanctions for Violation of the Automatic Stay Should not be Issued, filed Jan. 8, 2010 (Docket No. 625), Ex. A.

2

alleges that the Greens are residents of both Nome, Alaska and Pilgrim Hot Springs.[9] It further alleges that they are owners, by adverse possession, of the hot springs property "by actual, open, hostile, continuous, and exclusive possession."[10] They contend they possessed the property adversely from 1975 to 1985, and again from 1992 to 2009, "in excess of the 10-year period set forth in AS 09.45.052."[11] The Greens seek a judgment finding that they are fee simple owners of the property, and that CBNA does not have an interest in the property.[12]

On November 30, 2009, CBNA's counsel sent the Greens a letter advising them that their quiet title complaint was a violation of the stay and requesting dismissal of the state court action.[13] The Greens apparently retained Bryon Collins as their attorney because he answered CBNA's letter on their behalf. Mr. Collins, in a letter dated December 10, 2009, contended that the automatic stay was inapplicable to the Pilgrim Springs property, refused to dismiss the Greens' complaint and stated his intent to continue with the quiet title action.[14] He also alleged that the bankruptcy court lacked jurisdiction over the property because the Greens were the owners of the property.

CBNA responded with a letter dated December 15, 2009, which disputed all of Collins' allegations and advised of possible sanctions. The letter again requested

---

[9] *Id.*, Ex. A at 1.

[10] *Id.*, Ex. A at 2.

[11] *Id.*

[12] CBNA's Emergency Mot. (Docket No. 625), Ex. A at 4.

[13] *Id.*, Ex. B.

[14] *Id.*, Ex. C.

dismissal of the action.[15]  Collins responded by filing a motion for entry of a default judgment against the debtor and filing an affidavit in support of the motion in the state court action.[16]  CBNA promptly moved for the issuance of an order to show cause and this court issued the order.[17]

CBNA seeks the following relief:  1) an award of attorneys' fees and costs incurred to defend the state court action and to bring and prosecute the show cause motion in this court; 2) an order directing CBNA not to answer the state court complaint; and 3) an order directing the Greens to dismiss the state court complaint with prejudice.[18]  CBNA also asks sanctions of $1,000.00 per day after December 15, 2009, for every day that the Greens' state court complaint remains pending.  The sanctions are sought from both the Greens and Mr. Collins.

Violation of the Automatic Stay

Collins maintains that the Greens have not violated the automatic stay.  In his opposition to the order to show cause, he raises a novel argument.  He says 28 U.S.C. § 1334(c)(2) "provides a narrow exception to the automatic stay limitations under which the Greens are allowed to file their complaint."[19]  Section 1334(c)(2) provides:

---

[15] CBNA's Emergency Mot. (Docket No. 625), Ex. D.

[16] *Id.*, Exs. E and F.

[17] Order for Expedited Hearing on Emergency Mot. for Order to Show Cause, entered Jan. 8, 2010 (Docket No. 628).

[18] Debtor's Emergency Mot. (Docket No. 625), at 8.

[19] Greens' Opp'n to CBNA's Mot. to Show Cause why Sanctions for Violation of Automatic Stay Should not be Issued, filed Jan. 15, 2010 (Docket No. 637), at 2.

4

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.[20]

This is a mandatory abstention provision. It does not purport to alter the automatic stay in any respect. In fact, had Mr. Collins read further, he would find that 28 U.S.C. § 1334(d) specifies that subsection (c) "shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy."[21] The Ninth Circuit has clarified this point:

> [I]f Congress had intended pending state actions that are determined to be non-core proceedings to be exempt from the automatic stay, it would have explicitly so provided.
>
> As pointed out previously, § 362(b) provides explicit exceptions to § 362(a)'s automatic stay. Pending state actions that are determined to be non-core proceedings are not listed among the explicit exemptions. Therefore, it is clear that Congress did not intend to provide an exception to the automatic stay for non-core pending state actions which are subject to mandatory abstention. In fact, Congress has made

---

[20] 28 U.S.C. § 1334(c)(2).

[21] 28 U.S.C. § 1334(d).

5

> it clear that it intended just the opposite by providing that a decision to abstain under § 1334(c)(2) "shall not be construed to limit the applicability of the stay provided for by [§ 362]."[22]

Section § 1334(c)(2) does not create an exception to the automatic stay. Collins' conclusion to the contrary is erroneous.

Collins also argues that the automatic stay does not apply to the Greens because they are not creditors of CBNA. He is wrong. Collins ignores the explicit mandate of 11 U.S.C. § 362(a)(1). This subsection imposes a stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title."[23]

The stay imposed by § 362(a) is very broad, and is not limited to suits for money judgments. As noted by Collier:

> Subsection (a)(1) provides for a broad stay of litigation against the debtor that was or could have been commenced prior to the commencement of the bankruptcy case, . . . . It includes a stay against the commencement or continuation of administrative, judicial and other similar proceedings, . . . . The stay includes actions seeking injunctive or similar relief as well as actions seeking money judgments. . . .
>
> The stay provision of subsection (a)(1) is drafted so broadly that it encompasses all types of

---

[22] *Benedor Corp. v. Conejo Enter., Inc. (In re Conejo Enter., Inc.)*, 96 F.3d 346, 352 (9th Cir. 1996) [citation omitted].

[23] 11 U.S.C. § 362(a)(1) [emphasis added].

6

> legal proceedings, including family court actions involving divorce or child custody, even if it appears that they will have little or no impact on the debtor's financial situation. It even covers actions or proceedings against the debtor when the debtor acts solely in a fiduciary capacity . . . .[24]

There is no dispute here that the Greens' quiet title action is brought against CBNA, a debtor in bankruptcy. Further, Collins admits that the Greens' claims could have been brought before CBNA filed its bankruptcy petition on March 1, 2008. The Greens' act of filing the state court quiet title complaint against CBNA violated 11 U.S.C. § 362(a)(1). The motion for entry of default judgment and affidavit in support of the motion also violated 11 U.S.C. § 362(a)(1).

Collins contends that the quiet title action is a proceeding *in rem*, and thus is not an action against the debtor, CBNA. He mischaracterizes the complaint. In *in rem* proceedings, "[t]he object itself, rather than its human owner, is formally charged."[25] By comparison, quiet title actions are equitable proceedings,[26] filed against the parties who assert an interest in the subject real property rather than against the property itself.[27] The Greens'

---

[24] 3 *Collier on Bankruptcy* ¶ 362.03[3] (N. Alan Resnick & Henry J. Sommer eds., 15th ed. rev. 2009) (footnotes omitted).

[25] *State v. Hazelwood*, 946 P.2d 875, 880 (Alaska 1997), *citing as examples One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693 (1965); *United States v. 43 Gallons of Whiskey*, 93 U.S. 188 (1876), *United States v. 1,960 Bags of Coffee*, 12 U.S. (8 Cranch) 398 (1814).

[26] *Young v. Embley*, 143 P.3d 936, 948 (Alaska 2006), *citing McGill v. Wahl*, 839 P.2d 393, 396 (Alaska 1992) [an action alleging that a prescriptive easement had been established was equitable in nature whether it was styled as quiet title or ejectment]; *Vinson v. Hamilton*, 854 P.2d 733, 737 (Alaska 1993) [many actions for possession of real property, such as an action to quiet title or one seeking a prescriptive easement, are equitable in nature].

[27] *See, e.g.,* AS 09.45.010, which provides that a person seeking to quiet title "may bring an action against another who claims an adverse estate or interest in the property." Similarly, adverse possession

quiet title action is an equitable proceeding against the debtor, CBNA. It is not an *in rem* proceeding.

Collins also argued, at the show cause hearing, that the Greens' state court action was excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(3). Again, he is incorrect. Section 362(b)(3) excepts from the stay:

> any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title.[28]

This provision does not apply to the Greens' quiet title action. Subsection 362(b)(3) permits certain creditors, who are given a grace period for perfecting liens or interests in property under applicable nonbankruptcy law, to perfect their lien or interest post-petition without violating the automatic stay.[29] This provision applies to statutory liens, such as mechanics' liens or purchase money security interests under the Uniform Commercial Code.[30]

> Section 362(b)(3) does not authorize the creation of new rights or interests for the creditor. Instead, it merely permits perfection, or maintenance or continuance of perfection, free of the automatic stay which would otherwise be

---

actions are brought against the individuals claiming an interest in the property, and not the property itself. *See Glover v. Glover*, 92 P.3d 387 (Alaska 2004) (quiet title action under AS 09.10.030); *Vezey v. Green*, 35 P.3d 14 (Alaska 2001) (adverse possession action under AS 09.10.030); *Snook v. Bowers*, 12 P.3d 771 (Alaska 2000) ("color of title" adverse possession claim under AS 09.45.052).

[28] 11 U.S.C. § 362(b)(3).

[29] 3 *Collier on Bankruptcy* ¶ 362.05[4].

[30] *Id.*

8

> applicable, under circumstances in which the creditor's action would be effective against a trustee.[31]

Here, the Greens are not simply perfecting an interest in property to preserve their rights *vis a vis* a bankruptcy trustee. They have instead initiated a complaint against the debtor asserting an interest in property on adverse possession grounds.

Collins next argues that the Pilgrim Springs property is not property of the bankruptcy estate. Again, he is incorrect. 11 U.S.C. § 541(a) provides that upon commencement of a bankruptcy case, an estate is created, which consists of "all property, wherever located" in which the debtor holds a legal or equitable interest.[32] CBNA acquired title to the hot springs property in 1917, and held record title to the property when its bankruptcy petition was filed. The property was leased to Pilgrim Springs, Ltd., in 1968.[33] Consistent with this lease, the Greens served as caretakers on the property for the lessee.[34] That lease has now been terminated by order of this court. Arthur E. Newman, the principal of Pilgrim Springs, Ltd., was served with the motion to terminate the lease.[35] He also

---

[31] *Id.*

[32] 11 U.S.C. § 541(a)(1).

[33] The fact that this lease was entered is uncontested. *See* Proof of Claim No. 21, filed by Pilgrim Springs, Ltd., on Dec. 2, 2008. Ex. 1 to this claim is a copy of the December, 1974, amendment to the original lease which was entered in 1969.

[34] This fact is also undisputed. Not only do the Greens themselves make this assertion in their Proof of Claim No. 23, Pilgrim Springs, Ltd. also notes that Mr. Green was Pilgrim Springs' caretaker and sharecropper. *See* Pilgrim Springs, Ltd.'s attachment to Claim No. 21, entitled "Nature of Claim," at 9.

[35] *See* Amended Ntc. of Mot. and Hearing for an Order Approving (I) CBNA's Rescission and Termination of Lease and (II) Requiring Former Tenant to Turnover Possession of Property, filed Nov. 7, 2008 (Docket No. 280), at 4.

attended the hearing on that motion, by telephone.[36] He did not file an objection to the requested termination of the lease. At the time CBNA's bankruptcy petition was filed, CBNA held fee simple title to the hot springs property, subject to a lease in favor of Pilgrim Springs, Ltd. The hot springs property is property of the estate pursuant to § 541(a)(1).

Collins argues that the Greens have somehow automatically acquired title to the property pursuant to AS 09.45.052, however. His interpretation of this statute is erroneous. AS 09.45.052(a) provides, in part:

> (a) The uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more, or the uninterrupted adverse notorious possession of real property for 10 years or more because of a good faith but mistaken belief that the real property lies within the boundaries of adjacent real property owned by the adverse claimant, is *conclusively presumed* to give title to the property except as against the state or the United States . . . .[37]

This provision creates a "conclusive presumption" as to title, but does not expressly convey title by statutory implementation. Parties claiming title by adverse possession must still seek a judicial determination of the issue, and "bear the burden of proving each element [of their claim] by clear and convincing evidence."[38] The Alaska Supreme Court set this higher

---

[36] *See* Proceeding Mem. dated Dec. 5, 2008 (Docket No. 304).

[37] AS 09.45.052(a) (emphasis added).

[38] *Curran v. Mount*, 657 P.2d 389, 391-92 (Alaska 1982).

burden of proof because it desired "to foster reliance on record title and enhance marketability."[39] And, the fact here is that CBNA holds record title to the property.

Further, there is nothing in the Greens' quiet title complaint or in the record before this court to indicate that the Greens hold an adverse possession claim "under color of title," as is required under AS 09.45.052.

> Under Alaska law, three conditions must be met for an individual to establish color of title. First, the claimant must show the existence of "a written instrument which purports, but which may not be effective, to pass title to the claimant." Second, the "supposed conveyance must accurately describe the land claimed." Finally, "the good faith of the claimant is a prerequisite to the establishment of his [or her] claim under color of title."[40]

The Greens do not have a written instrument which purports to give them title to Pilgrim Springs. They were on the property with the permission of CBNA's lessee, Pilgrim Springs, Ltd. If an adverse possessor "holds the land as a tenant or otherwise with the record owner's permission, his claim 'is subordinate to the title of the true owner' and is therefore not hostile."[41] Nor do the Greens allege that they have a good faith belief that the Pilgrim Springs property lies within adjacent property which they own, another basis for claiming adverse possession under AS 09.45.052(a).

---

[39] *Id.* at 391.

[40] *Snook*, 12 P.3d at 780 (citations omitted).

[41] *Glover*, 92 P.3d at 392 (footnote omitted).

11

Collins also notes that the Greens can claim adverse possession under AS 09.10.030.[42] This section establishes a ten-year limitation period for bringing "an action for the recovery of real property or for the recovery of possession of it."[43] Further, Collins asserts that the Greens have "won the race to the courthouse" by bringing their quiet title action and that the property is now conclusively theirs.[44] Collins cites no authority for this assertion, nor can the court find any. However, AS 09.10.030(b) specifies that the ten-year limitation period is inapplicable to a person holding record title to real property.[45] This runs counter to Collins' "race to the courthouse" contention. A quiet title claim under either AS 09.45.052 or AS 09.10.030 is not self executing; the party claiming title by adverse possession must obtain a court determination of its rights.[46]

The automatic stay is one of the most important protections provided a debtor in bankruptcy.[47] It halts all collection efforts and "affords the debtor time to propose a reorganization plan, or simply 'to be relieved of the financial pressures that drove him into

---

[42] Greens' Opp'n (Docket No. 637) at 1.

[43] AS 09.10.030(a).

[44] Greens' Opp'n (Docket No. 637) at 1, 9.

[45] AS 09.10.030(b).

[46] *See Glover v. Glover*, 92 P.3d 387 (Alaska 2004) [quite title action under AS 09.10.030]; *Vezey v. Green*, 35 P.3d 14 (Alaska 2001) (adverse possession action under AS 09.10.030); *Snook v. Bowers*, 12 P.3d 771 (Alaska 2000) ("color of title" adverse possession claim under AS 09.45.052).

[47] *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Products, Inc.)*, 23 F.3d 241, 243 (9th Cir. 1994).

12

bankruptcy.'"[48] Acts taken in violation of the automatic stay are void.[49] The Greens violated the automatic stay of 11 U.S.C. § 362(a)(1) by filing their quiet title action against CBNA in state court. They also violated the stay when they filed their motion for entry of default judgment.

Although not discussed by either of the parties, the court also notes that the Greens' quiet title action violates two additional subsections of § 362(a). The quiet title action violates § 362(a)(3) because it is an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.[50] Further, the quiet title action violates § 362(a)(6) because it is an "act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy case.[51] The filing of the quiet title action, as well as the subsequent filing of the motion for entry of default, violated three separate subsections of § 362(a). These acts are void. The Greens must dismiss the state court quiet title action.

Sanctions

CBNA asks for three sanctions against the Greens and Collins: 1) an award of attorneys' fees and costs incurred to defend the state court action and to bring and

---

[48] *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) (quoting S.Rep. No. 95-989, at 54-55 (1978)).

[49] *Gruntz,* 202 F.3d at 1082; *see also 40235 Washington St. Corp. v. Lusardi*, 329 F.3d 1076, 1080 (9th Cir. 2003); *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992); *Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola)*, 328 B.R. 158, 171 (9th Cir. BAP 2005).

[50] 11 U.S.C. § 362(a)(3).

[51] 11 U.S.C. § 362(a)(6).

prosecute the show cause motion in this court; 2) an order directing CBNA not to answer the state court complaint; and 3) an order directing the Greens to dismiss the state court complaint with prejudice.[52] CBNA also suggests that a punitive sanction be imposed upon the Greens and Collins in the sum of $1,000.00 per day from December 15, 2009. This is the date on which CBNA responded to Collins' letter refusing to dismiss the Greens' quiet title action. This court will enter an order directing the dismissal of the state court action and indicating that CBNA need not answer the quiet title complaint. I feel an imposition of monetary sanctions is also appropriate, but to a lesser extent than urged by CBNA.

The stay imposed by § 362(a) "qualifies as a specific and definite court order."[53] A "willful" violation of the automatic stay can be shown in instances where a party knew of the debtor's bankruptcy filing and intended to take the actions in the state court which violated the stay.[54] Both the Greens and Collins knew of CBNA's bankruptcy filing. Further, their actions which violated the stay – the initiation and continued prosecution of the state court quiet title action – were intentional. The fact that they may not have subjectively intended to violate the stay is immaterial.[55] They have willfully violated the stay.

---

[52] Debtor's Emergency Mot. (Docket No. 625), at 8.

[53] *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003).

[54] *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 191 (9th Cir. 1995), *citing Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992); *see also Barnett v. Edwards (In re Edwards)*, 214 B.R. 613, 618-19 (9th Cir. BAP 1997).

[55] *Dyer*, 322 F.3d at 1191.

14

11 U.S.C. § 362(k)(1) mandates that the bankruptcy court award an individual injured by a willful stay violation "actual damages, including costs and attorneys' fees."[56] While § 362(k)(1) does not apply to corporate debtors such as CBNA,[57] bankruptcy courts have the discretion to award damages to a corporation injured by a violation of the stay under ordinary civil contempt powers.[58] I find it is proper to award sanctions here. Prior to bringing the instant motion, CBNA asked the Greens and their counsel, on two occasions, to dismiss the quiet title action. The letters written by CBNA's attorney gave a thorough and detailed explanation of the basis for CBNA's request. This is a well settled area of law. Collins' earnest but misguided attempts to find an exception to the stay, under such circumstances, cannot be excused. He is not familiar with bankruptcy law. His failure to seek advice from experienced bankruptcy counsel on the stay issue is, in my view, inexplicable.

The bankruptcy court may award compensatory sanctions for violation of the stay under its contempt authority.[59] However, it cannot award punitive damages for civil

---

[56] 11 U.S.C. § 362(k)(1).

[57] *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618-20 (9th Cir. 1993) (discussing 11 U.S.C. § 362(h), which was renumbered as § 362(k)(1) under the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005).

[58] *Id.* at 620.

[59] *Dyer*, 322 F.2d at 1192.

contempt, as it can under § 362(k)(1).[60] An award of attorneys' fees to CBNA would be a compensatory sanction, and I will grant this portion of CBNA's request. The award must be reasonable, and the fees requested must relate to CBNA's efforts to set aside the offending conduct.[61] The court will establish the amount to be awarded after CBNA's counsel has filed a detailed itemization of the fees which have been incurred in responding to the Greens' quiet title action and in prosecution of its show cause motion.

The daily fine of $1,000.00 requested by CBNA, in addition to its attorneys' fees, would result in an additional monetary sanction of $36,000.00 to date. The imposition of such a sanction would be punitive, rather than compensatory, in nature. I will not award this sanction retroactively. However, the Greens and Mr. Collins will be given a deadline for filing a dismissal of the state court quiet title action. If they fail to file a request for dismissal in the Nome Superior Court by this deadline, a daily sanction of $1,000.00 will be imposed for each day thereafter until the date that a request for dismissal is filed. This prospective sanction is appropriate because if the Greens and Mr. Collins fail to comply, CBNA will incur yet additional fees to further protect its rights under the Bankruptcy Code. A debtor in bankruptcy should not be required to continuously engage in stay litigation. The automatic stay is just that: "automatic," and a debtor's limited resources should not be drained in contesting its validity.

---

[60] *Id.* at 1192-3 (comparing civil contempt authority under 11 U.S.C. § 105(a) with the mandatory damages provision of 11 U.S.C. § 362(h), which subsection was renumbered as § 362(k)(1) pursuant to BAPCPA).

[61] *See, e.g., Dyer*, 322 F.2d at 1195.

Conclusion

The Greens violated the automatic stay by filing a quiet title action against CBNA during the pendency of this bankruptcy case. Both the Greens and their attorney, Bryon Collins, were aware that CBNA had filed bankruptcy. Nonetheless, they proceeded to file and prosecute the state court action. This conduct was intentional and violated the automatic stay imposed by 11 U.S.C. § 362(a). Accordingly, the acts which violated the stay, the filing of the state court complaint and the subsequent motion for default judgment, are void.

The court finds good cause to grant CBNA's motion for sanctions against the Greens and Mr. Collins for violation of the stay. The Greens and Mr. Collins are directed to dismiss the state court action within 14 days. CBNA is not required to answer or appear in the state court proceeding, as it is void. CBNA will also be awarded its reasonable attorneys' fees incurred in this matter. Further, if the Greens and Mr. Collins fail to file a request for dismissal of the state court action within 14 days, a fine of $1,000.00 per day will be imposed against them until such date as they do file the requested dismissal.

An order and judgment will be entered consistent with this memorandum.

DATED: January 21, 2010

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  S. Boswell, Esq.
K. Nye, Esq.
J. Stang, Esq.
F. Elsaesser, Esq.
B. Collins, Esq.
ECF Participants per Ntc. of Electronic Filing
State Superior Court, Second Judicial District at Nome (re: Case No. 2NO-09-00314 CI)
K. Hill, Esq.
        1/21/10

18