Susan G. Boswell, Esq. (AZ #004791; Admitted *Pro Hac Vice*)
Kasey C. Nye, Esq. (AZ#020610; Admitted *Pro Hac Vice*)
Lori L. Winkelman, Esq. (AZ#021400; Admitted *Pro Hac Vice*)
QUARLES & BRADY LLP
One South Church Avenue
Suite 1700
Tucson, Arizona 85701-1621
Telephone:    (520) 770-8700
Facsimile:    (520) 770-2222
Email: susan.boswell@quarles.com
Email: kasey.nye@quarles.com
Email: lori.winkelman@quarles.com

Michael R. Mills, Esq. (AK #891174)
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152
Email: mills.mike@dorsey.com

Attorneys for Debtor, Catholic Bishop of Northern Alaska

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole,<br><br>    Debtor. | Case No. 08-00110-DMD<br><br>(Chapter 11) |

## STIPULATED MOTION TO APPROVE BID AND SALE PROCEDURES AND SCHEDULING OF AN AUCTION HEARING DATE FOR THE SALE OF PILGRIM SPRINGS PROPERTY FREE AND CLEAR OF CLAIMS, LIENS, ENCUMBRANCES AND INTERESTS PURSUANT TO THE PLAN AND 11 U.S.C. § 363

Pursuant to the "Third Amended and Restated Joint Plan of Reorganization dated December 16, 2009," (the "Plan") proposed by debtor and debtor-in-possession the Catholic Bishop of Northern Alaska, an Alaska religious corporation sole ("CBNA" or "Debtor"), together

with the Official Committee of Unsecured Creditors (the "Committee"), as well as 11 U.S.C. §§ 105 and 363(b) and (f), the Debtor and the Committee hereby stipulate (the "Stipulated Motion") and respectfully request that the Court enter an Order (the "Sales Procedures Order") (a) authorizing certain procedures for the sale of certain real property owned by the Debtor and commonly known as Kruzgamepa Hot Springs Ranch or Pilgrim Hot Springs (hereinafter, the "Pilgrim Springs Property"), free and clear of liens, claims, encumbrances, and other interests, (b) approving procedures for the submission of offers to acquire the Pilgrim Springs Property (collectively, the "Bidding Procedures") at a Court-supervised auction (the "Auction"), and (c) setting the hearing date of March 5, 2010, at 9:00 a.m. to hold the Auction and to act on and consider the approval of such sale (the "Sale Hearing").

This Stipulated Motion presents a "core" proceeding under 28 U.S.C. § 157(b)(2)(E), over which this Court has jurisdiction to enter a final order, pursuant to 28 U.S.C. §§ 1334 and 157. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for this Motion is 11 U.S.C. §§ 105 and 363. This motion is supported by the memorandum of points and authorities set forth below and the entire record before the Court in this Reorganization Case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      BACKGROUND

On March 1, 2008 (the "Petition Date"), the Debtor commenced the above captioned Chapter 11 reorganization case (the "Reorganization Case") by filing a voluntary Chapter 11 petition. The Debtor has remained a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108 since the Petition Date. On December 17, 2009, the Debtor and the Committee filed the Plan which, among other things, proposes to pay fair and just compensation to the survivors of sexual

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

abuse by clergy and others associated with the Diocese of Fairbanks. In furtherance of the reorganization of its financial affairs, the Plan calls for the auction and sale of the Pilgrim Springs Property to generate cash which will be used to satisfy the Debtor's funding obligations on the Effective Date and to pay the claims of creditors.[1] On January 25, 2010, the Bankruptcy Court verbally confirmed the Plan subject to entry of appropriate orders. This Stipulated Motion sets forth certain bidding and auction procedures for the auction and sale, which are set forth in more detail below.

### A.    The Pilgrim Springs Property.

Pilgrim Hot Springs ("Pilgrim Springs Property") is a verdant enclave of more than 319 acres of fee land owned by the Debtor. It is located in western Alaska, about 46 miles (75 km) north of Nome. This property is surrounded by lands controlled by an ANCSA Native Village Corporation, the Mary's Igloo Native Corporation ("MINC"). The MINC lands, in turn, lie within a very large land swath, some of which is controlled by an ANCSA Native Regional Corporation known as Bering Straits Native Corporation ("BSNC"). It should be noted that the old village site of Mary's Igloo is approximately seven (7) miles northeast of the Pilgrim Springs Property. The access road for the Pilgrim Springs Property crosses some lands owned by the MINC, the BSNC, and state-selected lands for the State of Alaska.

The Catholic Church's involvement in the region began in the early 1900s with missionary priests ministering to the native people of Mary's Igloo. In 1918, after a severe influenza epidemic killed more than 1,200 people, the Catholic Church was begged to take in

---

[1]    Section 2.101 of the Plan states:

Pilgrim Springs Auction. Means the auction sale of the Pilgrim Springs Property to be conducted as part of the confirmation process in connection with the Confirmation Hearing, whereby the Pilgrim Springs Property will be sold free and clear of all liens, claims, interests and encumbrances to the bidder submitting the highest and best bid.

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

orphans from the Nome area. The Church built an orphanage, a church, some greenhouses, and assorted other buildings near the original hot springs. The thermal waters were used for the greenhouse, a bath house, and the natural hot spring pool. Impressive vegetable crops were also grown on the property. This mission survived until 1941, by which time all the children had grown up. A cemetery used during the orphanage days and subsequent years is located on the property.

1.    <u>Early Geothermal Exploration</u> – The earliest geothermal investigations at Pilgrim Springs included those of U. S. Geological Survey personnel G. Waring in 1917 and T. Miller in 1975. In 1975, R. Forbes of the University of Alaska undertook reconnaissance geological and geophysical studies. Then, in 1979 and 1982, the Geophysical Institute, the Alaska Division of Geological and Geophysical Surveys, and Woodward Clyde Consultants mapped the surface and the bedrock, conducted helium, mercury, gravity, seismic refraction, and electrical resistivity surveys, undertook geochemical sampling and analyses, and logged test wells. Their combined findings are summarized below:

- o 1979 surface thermal spring discharge was about 67 gpm of alkali-chloride water at a temperature of about 178°F (81°C).

- o Preliminary Na-K-Ca geothermometry suggests that a deep underlying geothermal reservoir may be as hot as 302°F (150°C).

- o Springs likely located near intersection of two orthogonal fault zones that form a corner of a graben.

- o Gravity studies suggest that bedrock is 1,500 feet (458 m) below property.

- o Resistivity studies suggest Pilgrim Spring reservoir is pancake shaped and about 160 ft. (50 m) thick over a ~ 0.58 sq. mi. (1.5 sq. km.) thawed area.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

MOTION FOR APPROVAL OF BID AND SALE PROCEDURES    Page 4 of 18
In re *Catholic Bishop of Northern Alaska*, Case No. 08-00110-DMD
QB\124448.00004\9428266.4

o Artesian aquifers were encountered in a 66-100 ft. (20-30m.) depth interval with flow rates estimated at 200 and 300-400 gpm respectively, at a temperature of 194°F (90°C).

o In 1982, six new wells produced artesian flows of 30 to 250 gpm with about 6 ft. (1.8 m.) of head. Maximum temperature was 194°F (90°C).

o The thermal gradient in the two deepest wells was ~4.0°F per 100 ft. suggesting that 302°F (150°C) might be reached at depth of about 4,800 feet (1,463 m.).

Early studies did not determine location and nature of the upflow zone or the location, depth, and nature of possible "deep" hot reservoir. These must be determined if the property is going to have potential for development to produce electric power.

2. <u>ACEP's Ongoing Assessment</u> - The Alaska Center for Energy and Power at the University of Alaska Fairbanks (the "ACEP") is currently in the early stages of conducting "a comprehensive resource assessment for Pilgrim Hot Springs." The purpose of the assessment, which has received a $4.6 million grant from the U.S. Department of Energy, is to identify the upflow of the geothermal waters; the upflow was never located in previous assessment work. Among other things, the ACEP is reviewing previously published and unpublished data from the site, is conducting soil mercury and helium surveys, an aerial infrared heat flow survey, and an electromagnetic survey to find subsurface zones of low resistivity. In addition, ACEP is developing a reservoir model for the site, and will drill 500 ft. and 2,000 ft. slimholes to verify the reservoir model. All of the information gathered will be shared with the Debtor and/or any successful bidder at the Sale Hearing, and soon after will become part of the public record. Any sale of Pilgrim Springs will be subject to the ACEP's license to enter onto the property to conduct its assessment.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

3.     Other Comments – Nome currently requires 5 MW power at a cost of approximately $0.35 per kwh for residential customers. If adequate flows (~1,250 gpm per MWe) of thermal waters at 200°F (93°C) can be obtained from production scale wells at Pilgrim Springs Property, a modern (UTC-type) binary power cycle could be used to generate power. The efficiency of this system would be greatly enhanced by the availability of very cold river water nearby and the low (< 25°F, -3°C) average ambient air temperature. If a deeper, hotter resource is discovered, a more efficient industry standard "ORMAT-type" binary system might be installed. Using a modern (UTC-type) binary power cycle generation, the Pilgrim Springs Property could supply viable power. Power transmission to Nome and/or other communities must be considered in determining economic viability.

The Pilgrim Springs Property is a very valuable geothermal resource in Alaska with increasing potential for development. BSNC filed a letter with the Court offering $900,000 for the Pilgrim Springs Property. As a result of the Debtor's ongoing efforts to market the Pilgrim Springs Property, the Debtor believes that the value could be as high as $2 - 3 million.

### B.     Possible Claims against the Pilgrim Springs Property

CBNA has been in Chapter 11 since March 1, 2008. CBNA scheduled an interest in real property described as "Pilgrim Springs: geothermal hot springs 70 miles northeast of Nome, AL [sic]; 320 acres lease until 2068." The property was deeded to CBNA in 1917 and used as a mission church and then an orphanage until 1941. In 1969, CBNA entered into a lease with Pilgrim Springs, Ltd. for use of the property. The lease was amended in 1974 and again in 1980. The term of the lease was 99 years. Under its terms, Pilgrim Springs, Ltd., was authorized to operate a resort or other business enterprise on the property, develop the property's geothermal resources and conduct oil, gas and mining operations.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

CBNA moved to terminate its lease with Pilgrim Springs, Ltd., on November 7, 2008. No objections to the motion were filed, and it was granted on December 5, 2008. However, on December 2, 2008, Louis and Nancy Green filed a proof of claim in this case for $263,143.00. The claim stated that the cancellation of the lease with Pilgrim Springs, Ltd., would "cause them to lose a financial interest" in that amount. The attachment to the Greens' claim stated that they were owed various sums for "labor, equipment, operating and transportation cost in connection with carrying-out duties as care-takers and agents at Pilgrim Hot Springs for Pilgrim Springs LTD." The Greens subsequently withdrew this claim on July 2, 2009.

On November 25, 2009, the Greens filed a complaint, pro se, against CBNA in state superior court in Nome to quiet title to the Pilgrim Springs property. The complaint alleges that the Greens are residents of both Nome, Alaska, and Pilgrim Hot Springs. It further alleges that they are owners, by adverse possession, of the hot springs property "by actual, open, hostile, continuous, and exclusive possession." They contend they possessed the property adversely from 1975 to 1985, and again from 1992 to 2009, "in excess of the 10-year period set forth in AS 09.45.052." The Greens seek a judgment finding that they are fee simple owners of the property, and that CBNA does not have an interest in the property. The complaint was filed in violation of the automatic stay of 11 U.S.C. § 362(a), and is therefore void, and any order or judgment entered or recorded by the Greens in violation of the stay would likewise be void and have no effect on the title.

In addition to being void, the complaint is without merit, because, among other reasons, the Greens' possession of the Pilgrim Springs Property as caretaker of the lessee of the property, was never hostile to that of the Debtor.

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

On January 21, 2010, the Court entered an order granting CBNA sanctions for the Greens' violation of the automatic stay that, among other things, required the Greens to file a motion to dismiss the complaint within 14 days (February 4, 2010).

### C. The Pilgrim Springs Auction as Set Forth in the Plan

Section 17.3 of the Plan[2] states:

Pilgrim Springs Auction. The Pilgrim Springs Auction will occur at a hearing conducted within forty-five (45) days of the Confirmation Hearing. The opening bid at the Pilgrim Springs Auction shall be made by the Endowment for $1,850,000. The sale of the Pilgrim Springs Property to the bidder with the highest and best bid at the Pilgrim Springs Auction must close within forty-five (45) days of the Pilgrim Springs Auction, and shall be free and clear of all claims, liens or encumbrances except for the UAF License under Bankruptcy Code §§ 363 and 1123. Up to $1,850,000 of the proceeds of the Pilgrim Springs Auction will be used to fund CBNA's funding obligations on the Effective Date, including payment of Administrative Expenses, but, in all events, all proceeds above $1,850,000 will be paid to the Settlement Trust.

Notwithstanding the foregoing Plan provision, at the January 25, 2010, hearing on confirmation of the Plan, the Debtor acknowledged that the Endowment would purchase the Pilgrim Springs Property subject to the claims described in the state court action filed by Louis Green, Sr. and Mary Green, case no. 2NO-09-00314-CI.

## II. PROPOSED BID AND SALE PROCEDURES

To maximize the value of the Pilgrim Springs Property, the Debtor requests that the Court approve the following bid and sale procedures:

(a) The opening bid shall be from the Endowment: $1,850,000 (the "Opening Bid"). All bids from the Endowment shall be for the purchase of the Pilgrim Springs Property subject to all liens, encumbrances and interests, except for those specifically described herein and the claims described in the state court action filed by Louis Green, Sr. and Mary Green, case no. 2NO-09-00314-CI.

(b) Upon request to the Debtor's counsel by a potential bidder (a "Potential Bidder") the Debtor will provide such Potential Bidder with

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

---

[2] All capitalized terms used herein shall retain the definitions as set forth in the Plan.

access to relevant information that will enable that Potential Bidder to evaluate the Pilgrim Springs Property for the purpose of submitting a bid for the Pilgrim Springs Property (a "Bid").

(c)     Each Potential Bidder that wishes to bid must submit a Bid that is equal to or greater than the Opening Bid.

(d)     By 5:00 p.m. AKST on February 25, 2010 (the "Bid Deadline"), all Potential Bidders must submit to the Debtor in care of the office of Michael R. Mills, DORSEY & WHITNEY LLP, 1031 West Fourth Avenue, Suite 600, Anchorage, Alaska 99501-5907 and to Debtor's counsel, Quarles & Brady, attn: Susan G. Boswell and Kasey Nye, One S. Church Ave, Suite 1700, Tucson, AZ 85701, the following, in one or more sealed envelopes: (i) a Bid accompanied by a form of a written purchase agreement (the "Asset Purchase Agreement"), (ii) proof of financial ability (to the Debtor's satisfaction) to close on the transaction described in the Asset Purchase Agreement within 45 days after the Auction, (iii) a bid deposit of certified funds in the amount of $250,000 (the "Deposit"); and (iv) a statement acknowledging consent to the UAF License for geothermal exploration on the property until the end of 2011. Notwithstanding the foregoing, the Endowment's bid shall provide that the Endowment shall close its purchase of the Pilgrim Springs Property within five (5) business days after the Auction.

(e)     Each Potential Bidder may submit only one bid.

(f)     On or before the close of business on February 26, 2010, the Debtor shall review all Proposed Bids received by the Bid Deadline, and shall confer with the Committee regarding the Proposed Bids (or the Settlement Trustee if the Committee is dissolved under the terms of the Plan), and shall notify the Potential Bidders if their bids make them eligible, in the sole discretion of the Debtor, to participate in an auction sale (each such bidder being referred to herein as an "Qualified Bidder").

(g)     The Debtor in its sole discretion shall be entitled to extend the deadline for a prospective competitive bidder to comply with the eligibility requirements if it determines that such party is working in good faith to comply and appears to have the ability to do so.

(h)     The Debtor will have the right to reject any and all bids that do not materially conform with the Bid Procedures

(i)     All Qualified Bidders must attend an auction sale to be conducted on March 5, 2010, at 9:00 a.m. (the "Auction"), at the Bankruptcy Court for the District of Alaska.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

(j)     Only Qualified Bidders will be permitted to bid at the Auction. All bids must be made on the record and in public at the Auction. The Debtor may communicate with any Qualified Bidder in an effort to improve its bid, including revealing the terms of any other bid by a Qualified Bidder. Qualified Bidders will be responsible for disclosing and communicating in open Court to all parties present during the Auction the key terms and conditions of their bids.

(k)     At the Auction, bidding will begin with the Opening Bid, and shall increase incrementally by $50,000.

(l)     Following the conclusion of bidding, the Debtor, after consulting with the Committee (or the Settlement Trustee if the Committee has been dissolved pursuant to the Plan) will recommend one or more successful bidders ("Successful Bidders") and at least one (1) back up bidder with the next highest and otherwise best offer at the Auction (the "Back-Up Bidder") to the Court for approval at the Sale Hearing. In all events the Endowment will serve as a back up bidder at its highest bid at the Auction, but no less than its Opening Bid. The Successful Bidders will be required to execute amendments to their Asset Purchase Agreement to reflect changes to the purchase price at the Auction and to execute all required documents no later than two (2) business days after the Sale Hearing.

(m)    The Debtor will be authorized to enter into an Asset Purchase Agreement, expressly subject and subordinate to the rights of the Successful Bidder(s), with the Back-Up Bidder. If the Successful Bidder(s) fails to close the purchase of the Pilgrim Springs Property by the closing date established in the respective Asset Purchase Agreements, the Debtor will be authorized to proceed with a sale of the Pilgrim Springs Property to any Court-approved Back-Up Bidder without further order of the Court. If the Back-Up Bidder fails to timely close pursuant to the Asset Purchase Agreement, then the Endowment shall purchase the Pilgrim Springs Property at its highest bid at the Auction, but no less than its Opening Bid.

(n)     The Court will entertain objections from any interested party with the requisite standing at the Sale Hearing. No bid will be considered accepted until presented to and approved by the Court at the Sale Hearing.

(o)     Within two (2) business days following the Sale Hearing, the Debtor will return to each unsuccessful bidder its Deposit, to the extent such Deposit is eligible for return and is not subject to forfeiture.

(p)     If any Successful Bidder or Back-Up Bidder fails to close the purchase of the Pilgrim Springs Property by the agreed-upon closing date and in accordance with the terms approved in an executed purchase

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

agreement, such Successful Bidder or Back-Up Bidder will forfeit its Deposit.

(q)     Objections to the conduct of the Auction or selection of the Successful Bidders may be made in open court at the Sale Hearing.

(r)     The Debtor may extend the deadlines set forth in the Bid Procedures, may adjourn the Auction, and/or may seek adjournment of the Sale Hearing, except the Debtor may not extend the deadline for closing the sale after the Auction without the express written consent of the Committee or the Settlement Trustee if the Committee has been dissolved pursuant to the Plan. The Debtor will promptly file with the Court a notice of adjournment with respect to any such extension.

(s)     Strict compliance with all Bid Procedures and other terms set forth in the Sale Procedures Order will be a condition precedent to the consideration of any bid, and nonconforming bids will not be considered by the Debtor or the Court at the Auction.

(t)     In addition to these sale procedures, the Debtor may establish other reasonable auction rules and announce them publicly prior to the Auction.

The sale will be as is without any representations or warranties of any kind. The Debtor requests the Court to direct that offers made prior to or at the Sale Hearing may not be withdrawn after they are made and any entity's refusal or failure to comply with its offer after acceptance of same by the Debtor and approval by the Court, shall entitle the Debtor to retain the Deposit.

The Debtor also reserves the right to reject any Proposed Bid which, in its discretion, is deemed inadequate or insufficient or which is contrary to the best interests of the estate. The Debtor intends to submit to this Court any disputes which may arise in connection with the bidding process.

## IV.    LEGAL ARGUMENT

Pursuant to 11 U.S.C. § 363(b)(1), a debtor-in-possession may use, sell, or lease property of the estate other than in the ordinary course of its business. 11 U.S.C. § 363(b). A debtor-in-possession's decision to enter into a transaction, which is outside of the normal course of its

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

business, must be based on its reasonable business judgment. In re Ernst Home Center, Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997); Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.), 780 F.2d 1223, 1226 (5th Cir. 1986). The Court may approve a transaction outside the ordinary course where the debtor-in-possession has established "some articulated business justification" for the transaction. In re Ernst Home Center, Inc., 209 B.R. at 979; Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2nd Cir. 1983); In re Walter, 83 B.R. 14 (9th Cir. BAP 1988). A debtor's showing of a sound business purpose need not be unduly exhaustive, but rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Co., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

The Debtor believes that a sale of the Pilgrim Springs Property will create maximum value for the benefit of creditors. As the search continues for alternative power sources, the value of the Pilgrim Springs Property will likely continue to rise. For the reasons stated herein, the Debtor has determined, in its sound business judgment, that sale of the Pilgrim Springs Property is in the best interests of the estate.

Sale of the Pilgrim Springs Property may also be authorized pursuant to 11 U.S.C. § 363(f), which enables the Debtor to sell property of the estate free and clear of any interest in such property of an entity if:

(1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

MOTION FOR APPROVAL OF BID AND SALE PROCEDURES    Page 12 of 18
In re *Catholic Bishop of Northern Alaska,* Case No. 08-00110-DMD
QB\124448.00004\9428266.4

(5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

Under applicable law, only one of the conditions set forth in §363(f) need be satisfied for property of the estate to be sold free and clear. See, e.g., In re Takeout Taxi Holdings, Inc., 307 B.R. 525, 529 (Bankr. E.D. Va. 2004); In re Elliot, 94 Bankr. 343, 345 (E.D. Pa. 1988). The Debtor does not believe that there are any creditors who assert valid liens, claims, or interests against the Pilgrim Springs Property; however, to the extent there are any such parties, the Debtor believes that it will be able to satisfy at least one of the conditions set forth in §363(f).

In addition, 11 U.S.C. § 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to ensure a Bankruptcy Court's power to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY, 105.01, at 105-2 (15th ed. 1993). Thus, this Court may exercise its equitable powers to grant the relief requested in this Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Debtor requests the Court to enter an order, a proposed form of which is attached hereto as Exhibit A:

A.    Approving the Sale Procedures for the sale of the Pilgrim Springs Property, as is and without warranties of any kind, and free and clear of liens, claims, encumbrances, and other interests except for the UAF Licesnse,

B.    Approving the Bid Procedures for the submission of offers to acquire the Pilgrim Springs Property (collectively, the "Bid Procedures") at a Court-supervised auction (the

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

"Auction");

C. Confirming the Sale Hearing date of March 5, 2010, at 9:00 a.m. at which time the Court will hold the Auction and act on and consider the approval of the sale of the Pilgrim Springs Property;

D. And for other relief the Court deems just under the circumstances before the Court.

RESPECTFULLY SUBMITTED this 2nd of February, 2010.

QUARLES & BRADY LLP
One South Church Ave., Suite 1700
Tucson, AZ 85701


By: /s/ Kasey C. Nye
Susan G. Boswell
Kasey C. Nye

Attorneys for Debtor, Catholic Bishop of Northern Alaska

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067


By /s/ James I. Stang
James I. Stang
Hamid Rafatjoo

Attorneys for the Official Committee of Unsecured Creditors

I hereby certify that a copy of the foregoing was served this 2nd day of February, 2010, on:

Kay Hill - U.S. Trustee
605 West 4th Avenue, Suite 258
Anchorage, Alaska 99501
Email: Kay.hill@usdoj.gov

Robert B. Groseclose, Esq.
Cook, Schuhmann & Groseclose, Inc.
714 Fourth Ave., Suite 200
Fairbanks, AK 99701
Email: bob@alaskalaw.com

James I. Stang, Esq
Hamid Rafatjoo, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Email: jstang@pszjlaw.com
Email: hrafatjoo@pszjlaw.com

David H. Bundy, Esq.
3201 C Street
Suite 301
Anchorage, AK 99503
Email: dhb@alaska.net

John C. Manly, Esq.
Manly, McGuire & Stewart
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660
Email: jmanly@manlymcguire.com

Kenneth Roosa, Esq.
Christopher R. Cooke, Esq.
Cooke Roosa LLC
3700 Jewel Lake Road
Anchorage, AK 99502
Email: Ken@CookeRoosa.com
Email: Chris@CookeRoosa.com

William L. Courshon
Trial Attorney
Office of the United States Trustee
700 Stewart Street, Suite 5103

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

Seattle, WA 98101
Email: Bill.L.Courshon@usdoj.gov

Charles R. Ekberg
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
Email: ekbergc@lanepowell.com;

David C. Christian II
Sara E. Lorber
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Email: dchristian@seyfarth.com; slorber@seyfarth.com

Philip C. Stahl
Laura K. McNally
Grippo & Elden LLC
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Email: pstahl@grippoelden.com;
lmcnally@grippoelden.com

Arthur E. Neuman
3201 New Mexico Avenue, N.W., Suite 247
Washington, D.C. 20016
Email: arthureneuman@aol.com

Ford Elsaesser
James S. MacDonald
Elsesser Jarzabek Anderson Marks Elliott & McHugh
Third & Lake Streets
PO Box 1049
Sandpoint, ID 83864
Email: ford@ejame.com; jmacdonald@ejame.com

John C. Wendlandt
Sedor, Wendlandt & Wang LLC
500 L Street, Suite 500
Anchorage, AK 99501
Email: wendlandt@swwak.com

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

David M. Spector
Dennis G. LaGory
Schiff Hardin LLP
6600 Sears Tower

Chicago, IL 60606
Email: dspector@schiffhardin.com;
dlagory@schiffhardin.com

Jean H. Hurricane
Schiff Hardin LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Email: jhurricane@schiffhardin.com

Clay A. Young, Esq.
Delaney Wiles, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, AK 99501
Email: cay@delaneywiles.com

James M. Altieri, Esq.
Michael P. Pompeo, Esq.
William T. Corbett, Esq.
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, NJ 07932
Email: james.altieri@dbr.com
michael.pompeo@dbr.com
William.corbett@dbr.com

A. Richard Dykstra
Stafford Frey Cooper
601 Union Street, Suite 3100
Seattle, WA 98101
Email: rdykstra@staffordfrey.com

Jim J. Valcarce
Valcarce Law Office, LLC
P.O. Box 409-900 3rd Ave.
Bethel, AK 99559
jim@bushlawyers.com

Frederick J. Odsen
Hughes Pfiffner Gorski Seedorf & Odsen, LLC
3900 C. Street, Suite 1001
Anchorage, AK 99503
fjo@hbplaw.net

Frederick P. Marczyk
Drinker Biddle & Reath LLP
One Logan Square

MOTION FOR APPROVAL OF BID AND SALE PROCEDURES                    Page 17 of 18
In re *Catholic Bishop of Northern Alaska,* Case No. 08-00110-DMD

QB\124448.00004\9428266.4

18th & Cherry Streets
Philadelphia, PA 19103
Frederick.marczyk@dbr.com

Louis H. Green
507 Spokane Ave.
Homer, AK 99603
Registered Agent for Pilgrim Springs, Ltd.

Bryon E. Collins, Esq.
301 K Street, Suite 200
Anchorage, AK 99501
Email: bryon_collins@hotmail.com


Official Committee of Unsecured Creditors

by first class mail or email, if available, or
by electronic means through the ECF system
as indicated on the Notice of Electronic
filing.

By:    Jane Friedman      
        Quarles & Brady LLP

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

MOTION FOR APPROVAL OF BID AND SALE PROCEDURES      Page 18 of 18
In re *Catholic Bishop of Northern Alaska*, Case No. 08-00110-DMD
QB\124448.00004\9428266.4

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole, <br><br> Debtor. | Case No. 08-00110-DMD <br><br> (Chapter 11) |

## ORDER APPROVING BID AND SALE PROCEDURES AND SCHEDULING OF AN AUCTION HEARING DATE FOR THE SALE OF PILGRIM SPRINGS PROPERTY FREE AND CLEAR OF CLAIMS, LIENS, ENCUMBRANCES AND INTERESTS PURSUANT TO THE PLAN AND 11 U.S.C. § 363

This matter came before the Court on the "Stipulated Motion to Approve Bid and Sale Procedures and Scheduling of an Auction Hearing Date for the Sale of Pilgrim Springs Property Free and Clear of Claims, Liens, Encumbrances and Interests Pursuant to the Plan and 11 U.S.C. § 363" (the "Stipulated Motion"), between the Catholic Bishop of Northern Alaska, an Alaska religious corporation sole and the debtor and debtor-in-possession ("CBNA" or the "Debtor") in the above captioned Chapter 11 reorganization case (the "Reorganization Case") and the Official Committee of Unsecured Creditors (the "Committee"), which was filed on February 2, 2010.

Based upon the Stipulated Motion, the entire record in this Reorganization Case and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Stipulated Motion is approved.

2. The Sale Procedures,[1] below, for the sale of the Pilgrim Springs Property as is and without warranties of any kind, and free and clear of liens, claims, encumbrances and other interests except for the UAF License, are approved.

3. The Bid Procedures, below, for the submission of offers to acquire the Pilgrim Springs Property at the Auction, are approved.

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

---

[1] All capitalized terms used herein shall retain the definitions as set forth in the Plan and the Stipulated Motion.

4.     The following Bid and Sale Procedures are approved:

(a)     The opening bid shall be from the Endowment: $1,850,000 (the "Opening Bid"). All bids from the Endowment shall be for the purchase of the Pilgrim Springs Property subject to all liens, encumbrances and interests, except for those specifically described herein and the claims described in the state court action filed by Louis Green, Sr. and Mary Green, case no. 2NO-09-00314-CI.

(b)     Upon request to the Debtor's counsel by a potential bidder (a "Potential Bidder") the Debtor will provide such Potential Bidder with access to relevant information that will enable that Potential Bidder to evaluate the Pilgrim Springs Property for the purpose of submitting a bid for the Pilgrim Springs Property (a "Bid").

(c)     Each Potential Bidder that wishes to bid must submit a Bid that is equal to or greater than the Opening Bid.

(d)     By 5:00 p.m. AKST on February 25, 2010 (the "Bid Deadline"), all Potential Bidders must submit to the Debtor in care of the office of Michael R. Mills, DORSEY & WHITNEY LLP, 1031 West Fourth Avenue, Suite 600, Anchorage, Alaska 99501-5907 and to Debtor's counsel, Quarles & Brady, attn: Susan G. Boswell and Kasey Nye, One S. Church Ave, Suite 1700, Tucson, AZ 85701, the following, in one or more sealed envelopes: (i) a Bid accompanied by a form of a written purchase agreement (the "Asset Purchase Agreement"), (ii) proof of financial ability (to the Debtor's satisfaction) to close on the transaction described in the Asset Purchase Agreement within 45 days after the Auction, (iii) a bid deposit of certified funds in the amount of $250,000 (the "Deposit"); and (iv) a statement acknowledging consent to the UAF License for geothermal exploration on the property until the end of 2011. Notwithstanding the foregoing, the Endowment's bid shall provide that the Endowment shall close its purchase of the Pilgrim Springs Property within five (5) business days after the Auction.

(e)     Each Potential Bidder may submit only one bid.

(f)     On or before the close of business on February 26, 2010, the Debtor shall review all Proposed Bids received by the Bid Deadline, and shall confer with the Committee regarding the Proposed Bids (or the Settlement Trustee if the Committee is dissolved under the terms of the Plan), and shall notify the Potential Bidders if their bids make them eligible, in the sole discretion of the Debtor, to participate in an auction sale (each such bidder being referred to herein as a "Qualified Bidder").

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

ORDER APPROVING PILGRIM SPRINGS
SALES PROCEDURE                                                      Page 2 of 5
                              In re *Catholic Bishop of Northern Alaska*, Case No. 08-00110-DMD

QB\124448.00004\9668493.2

(g)     The Debtor in its sole discretion shall be entitled to extend the deadline for a prospective competitive bidder to comply with the eligibility requirements if it determines that such party is working in good faith to comply and appears to have the ability to do so.

(h)     The Debtor will have the right to reject any and all bids that do not materially conform with the Bid Procedures

(i)     All Qualified Bidders must attend an auction sale to be conducted on March 5, 2010, at 9:00 a.m. (the "Auction"), at the Bankruptcy Court for the District of Alaska.

(j)     Only Qualified Bidders will be permitted to bid at the Auction.  All bids must be made on the record and in public at the Auction.  The Debtor may communicate with any Qualified Bidder in an effort to improve its bid, including revealing the terms of any other bid by a Qualified Bidder. Qualified Bidders will be responsible for disclosing and communicating in open Court to all parties present during the Auction the key terms and conditions of their bids.

(k)     At the Auction, bidding will begin with the Opening Bid, and shall increase incrementally by $50,000.

(l)     Following the conclusion of bidding, the Debtor, after consulting with the Committee (or the Settlement Trustee if the Committee has been dissolved pursuant to the Plan) will recommend one or more successful bidders ("Successful Bidders") and at least one (1) back up bidder with the next highest and otherwise best offer at the Auction (the "Back-Up Bidder") to the Court for approval at the Sale Hearing.  In all events the Endowment will serve as a back up bidder at its highest bid at the Auction, but no less than its Opening Bid.  The Successful Bidders will be required to execute amendments to their Asset Purchase Agreement to reflect changes to the purchase price at the Auction and to execute all required documents no later than two (2) business days after the Sale Hearing.

(m)     The Debtor will be authorized to enter into an Asset Purchase Agreement, expressly subject and subordinate to the rights of the Successful Bidder(s), with the  Back-Up Bidder.  If the Successful Bidder(s) fails to close the purchase of the Pilgrim Springs Property by the closing date established in the respective Asset Purchase Agreements, the Debtor will be authorized to proceed with a sale of the Pilgrim Springs Property to any Court-approved Back-Up Bidder without further order of the Court.  If the Back-Up Bidder fails to timely close pursuant to the Asset Purchase Agreement, then the Endowment shall purchase the Pilgrim Springs Property at its highest bid at the Auction, but no less than its Opening Bid.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-
1621

ORDER APPROVING PILGRIM SPRINGS
SALES PROCEDURE                                                                          Page 3 of 5
                                        In re *Catholic Bishop of Northern Alaska*, Case No. 08-00110-DMD

QB\124448.00004\9668493.2

(n)     The Court will entertain objections from any interested party with the requisite standing at the Sale Hearing.  No bid will be considered accepted until presented to and approved by the Court at the Sale Hearing.

(o)     Within two (2) business days following the Sale Hearing, the Debtor will return to each unsuccessful bidder its Deposit, to the extent such Deposit is eligible for return and is not subject to forfeiture.

(p)     If any Successful Bidder or Back-Up Bidder fails to close the purchase of the Pilgrim Springs Property by the agreed-upon closing date and in accordance with the terms approved in an executed purchase agreement, such Successful Bidder or Back-Up Bidder will forfeit its Deposit.

(q)     Objections to the conduct of the Auction or selection of the Successful Bidders may be made in open court at the Sale Hearing.

(r)     The Debtor may extend the deadlines set forth in the Bid Procedures, may adjourn the Auction, and/or may seek adjournment of the Sale Hearing, except the Debtor may not extend the deadline for closing the sale after the Auction without the express written consent of the Committee or the Settlement Trustee if the Committee has been dissolved pursuant to the Plan.  The Debtor will promptly file with the Court a notice of adjournment with respect to any such extension.

(s)     Strict compliance with all Bid Procedures and other terms set forth in the Sale Procedures Order will be a condition precedent to the consideration of any bid, and nonconforming bids will not be considered by the Debtor or the Court at the Auction.

(t)     In addition to these sale procedures, the Debtor may establish other reasonable auction rules and announce them publicly prior to the Auction.

5.     Offers made prior to or at the Sale Hearing may not be withdrawn after they are made and any entity's refusal or failure to comply with its offer after acceptance of same by the Debtor and approval by the Court, shall entitle the Debtor to retain the Deposit.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-
1621

ORDER APPROVING PILGRIM SPRINGS
SALES PROCEDURE
Page 4 of 5
In re *Catholic Bishop of Northern Alaska*, Case No. 08-00110-DMD

QB\124448.00004\9668493.2

6. The Sale Hearing is set for March 5, 2010 at 9:00 a.m., at which time the Court will hold the Auction and act on and consider the approval of the sale of the Pilgrim Springs Property.

Dated this ___ day of _____, 2010.

_____
Donald MacDonald, IV
U.S. Bankruptcy Judge

PREPARED BY:

QUARLES & BRADY LLP
One South Church Avenue, Suite 1700
Tucson, AZ 85701


By  /s/  Kasey C. Nye_____
        Susan G. Boswell
        Kasey C. Nye

    Attorneys for Debtor, Catholic
    Bishop of Northern Alaska


APPROVED AS TO FORM AND CONTENT BY:

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067

By /s/ James I. Stang_____
        James I. Stang
        Hamid Rafatjoo

Attorneys for the Official Committee of Unsecured Creditors

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

ORDER APPROVING PILGRIM SPRINGS
SALES PROCEDURE
Page 5 of 5
In re *Catholic Bishop of Northern Alaska,* Case No. 08-00110-DMD

QB\124448.00004\9668493.2