Filed on
4/26/2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole, | ) ) ) | Case No. 08-00110-DMD |
| | ) | (Chapter 11) |
| Debtor. | ) ) ) | |
| | ) | |

## ORDER APPROVING SALE OF PILGRIM SPRINGS PROPERTY

This matter came before the Court on duly noticed hearing and auction, on March 5, 2010 (the "Auction"), pursuant to this Court's "Order Approving Bid and Sale Procedures and Scheduling of an Auction Hearing Date for the Sale of Pilgrim Springs Property Free and Clear of Claims, Liens, Encumbrances and Interests Pursuant to the Plan and 11 U.S.C. § 363" (the "Sale Procedures Order"), dated February 2, 2010 [Docket No. 672], that certain "Stipulated Motion to Approve Bid and Sale Procedures and Scheduling of an Auction Hearing Date for the Sale of Pilgrim Springs Property Free and Clear of Claims, Liens, Encumbrances and Interests Pursuant to the Plan and 11 U.S.C. § 363" (the "Stipulated Motion") [Docket No. 671], between the Catholic Bishop of Northern Alaska, the debtor ("CBNA" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), which was filed on February 2, 2010, the "Third Amended and Restated Joint Plan of Reorganization dated December 16, 2009," (the "Plan") proposed by the Debtor and the Committee, and pursuant to paragraph S of this Court's Order Confirming the Plan entered on February 17, 2010 [Docket No. 689].

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

At the Auction, CBNA proposed to sell certain real property owned by the Debtor and commonly known as Kruzgamepa Hot Springs Ranch or Pilgrim Hot Springs (hereinafter, the "Pilgrim Springs Property"), free and clear of liens, claims, encumbrances, and other interests, under the Plan and the Sales Procedures Order. Notice of the Auction having been given to all interested parties; and such notice being due and sufficient notice under the circumstances; and upon the entire record made at the hearing before the Court with respect to the Auction, and upon all evidence proffered and argument presented in support of the Stipulated Motion and the Plan, and this Court having found good and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND CONCLUDED that:

A.    On March 1, 2008 the Debtor filed for protection under Chapter 11 of the Bankruptcy Code.

B.    The Court has jurisdiction to approve this Auction sale under 28 U.S.C. §§ 157 and 1334. This matter presents a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). Venue is proper in this district under 28 U.S.C. § 1408 and 1409.

C.    The Auction was duly and properly noticed to creditors and parties-in-interest of record entitled to notice under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Alaska, and the Sale Procedures Order. A reasonable opportunity to object or to be heard regarding the Auction has been afforded to all interested persons and entities.

D.    The form of the notice was sufficient to give creditors and parties-in-interest notice of the matters that are the subject of the Auction including, but not limited to, the following: that the Pilgrim Springs Property would be sold pursuant to 11 U.S.C. § 363 to the highest and best bidder(s), free and clear of all liens, with all liens to attach to the proceeds of the sale(s). Accordingly, the form of the notice is approved.

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

Order on Motion Approving Sale to Unaatuq LLC                                          Page 2 of 10
                                          In re *Catholic Bishop of Northern Alaska,* Case No. 08-00110-DMD

QB\124448.00004\9894141.2

E.     As is reflected in the "Certificate of E-Mail Notification and Publication" filed on March 11, 2010 [Docket No. 734], prior to the Auction, CBNA solicited bids from over 40 parties by e-mail and further published notice of the Auction in twelve publications in Alaska.  The solicitations made by the Debtor in connection with the proposed sale were adequate and reasonable to obtain the highest and best price for the sale.  No other or further notice of the Auction is required.

F.     The only objection to the Sale was a letter from Mary's Igloo Native Corporation ("MINC") asserting that it had an unrecorded deed to the Pilgrim Springs Property. No representative of MINC appeared at the hearing, and in all events any unrecorded interest in the Pilgrim Springs Property held by MINC is avoidable under the Debtor's strong arm powers under 11 U.S.C. § 544 and so is overruled by this Sale Order.

G.     Louis Green Sr. and Nancy Green did not object to the Sale, but had previously asserted an adverse possession claim in regard to the Pilgrim Springs Property.  The assertion of that claim was in violation of the automatic stay and was therefore void.  The Greens have appealed this Court's determination that their assertion is void and requested a stay pending appeal, which was denied by both this Court and the United States District Court.  Despite having had notice of the Sale, however, the Greens filed no objection to the Sale itself.

H.     Two companies submitted written bids in accordance with the Sales Procedures Order: Chena Power LLC, and Unaatuq, LLC ("Unaatuq"), each proposing a purchase price of $1,900,000.

I.     After consultation with the Committee the Debtor determined that Chena Power did not meet the definition of a Qualified Bidder under the Sales Procedures Order because its bid was not accompanied by sufficient evidence supporting the financial ability to close the purchase of the Pilgrim Springs Property.  The Debtor's representatives contacted Chena Power requesting that it provide additional evidence of its financial ability to close a purchase of the Pilgrim Springs Property.

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-
1621

Order on Motion Approving Sale to Unaatuq LLC                                                    Page 3 of 10
                                                    In re *Catholic Bishop of Northern Alaska,* Case No. 08-00110-DMD
QB\124448.00004\9894141.2

J.    A representative of Chena Power appeared at the Auction, but was unable to provide evidence of financing and further requested additional 90 days to obtain financing to submit a bid.

K.    Based upon the foregoing it was determined that the bid by Unaatuq LLC at $1.9 million (the "Purchase Price") and subject to the terms of this order and the terms stated in its proposed Asset Purchase Agreement (as amended, modified, or supplemented, the "APA" a true and correct copy of which is attached hereto as Exhibit "A") was the highest and best bid for the Pilgrim Springs Property.  The Purchase Price and other terms offered by Unaatuq are fair and reasonable, and the Purchase Price constitutes fair consideration and reasonably equivalent value under the Bankruptcy Code, Internal Revenue Code or other applicable federal or state law.

L.    The Opening Bid under the Sales Procedures Order submitted by the Endowment of the Fairbanks Dioceses shall serve as the Back Up Bid to the Unaatuq bid.

M.    Unaatuq's obligation to purchase Pilgrim Springs Property is conditioned upon entry of this Order and execution of the APA consistent with the terms of this Order.

N.    Upon the entry of this Order, the Debtor has full power and authority to execute and deliver any and all documents necessary to implement this Order and transfer the Pilgrim Springs Property contemplated thereby.

O.    The sale of Pilgrim Springs Property outlined herein is in the best interests of the Debtor, its estate and its creditors.  The Debtor has presented good and sufficient business justification for the sale of Pilgrim Springs Property pursuant to Section 363 of the Bankruptcy Code, in that, among other things, a sale of Pilgrim Springs Property in accordance with the procedures followed by the Debtor has resulted in the highest possible price for Pilgrim Springs Property.

P.    As a condition to the sale of Pilgrim Springs Property, Unaatuq requires that Pilgrim Springs Property be sold free and clear of all liens, claims, interests and encumbrances, and that Unaatuq has no liability for any other liabilities of the Debtor (as

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-1621

successor entity or otherwise), except that Unaatuq consents to the license granted to the University of Alaska Fairbanks for geothermal exploration on the property until the end of 2011. Unaatuq further consents to enter into an agreement with CBNA to provide for continued access to the cemetery on the Property.  Unaatuq would not enter into and consummate this sale, thus adversely affecting the Debtor's estate, if the sale to Unaatuq was not free and clear of all liens, claims, interests and encumbrances of the Debtor, or if Unaatuq were or would be liable for liabilities of the Debtor.

Q.      The Debtor is not affiliated with Unaatuq, and the terms stated herein and in the APA were reached by the parties in good faith without collusion, from arm's-length bargaining positions and for fair value.  Accordingly, Unaatuq is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, entitled to the protections afforded thereby. Neither the Debtor nor Unaatuq has engaged in any conduct that would cause or permit the sale to be avoided under Section 363(n) of the Bankruptcy Code.

R.      The transfer of the Pilgrim Springs Property contemplated herein (a) is or will be a legal, valid and effective transfer of property of the Debtor's estate to Unaatuq, and (b) vest or will vest Unaatuq with all right, title and interest of the Debtor in and to Pilgrim Springs Property free and clear of all interests, including the interests asserted by MINC and Louis Green Sr. and Nancy Green,  all liens, claims and encumbrances, under Sections 363(f) and 105 of the Bankruptcy Code.

S.      The transfer of Pilgrim Springs Property to Unaatuq does not and will not subject Unaatuq to any liability for claims against the Debtor by reason of such transfer under the laws of the United States, any state, territory or possession thereof or the District of Columbia applicable to such transactions.

T.      Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-
1621

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that:

1. The sale of the Pilgrim Springs Property to Unaatuq LLC is hereby approved and authorized under Section 1123, 363(b) and 363(f) of the Bankruptcy Code; no further consent, approval or order regarding the sale are required. All objections to the sale of the Pilgrim Springs Property are hereby overruled.

2. The Court conducted an auction sale of the Pilgrim Springs Property pursuant to the Plan and the Sales Procedures Order on March 5, 2010, at 9:00 a.m. Alaska Standard Time.

3. By the issuance of this Order, the Debtor is authorized and directed to execute and deliver, and empowered and directed fully to perform under, consummate and implement, the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may reasonably be requested by Unaatuq, LLC for the purpose of assigning, transferring, granting, conveying and conferring to Unaatuq, LLC, or reducing to Unaatuq, LLC's possession, any or all of Pilgrim Springs Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

4. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code and except as provided by this Order, the Pilgrim Springs Property shall be transferred to Unaatuq, LLC upon Closing under the APA and shall be free and clear of all mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any claims to title to the Pilgrim Springs Property by Louis Green Sr. and Nancy Green or any claims to title by MINC (hereinafter collectively referred to as "Interests"), and all debts arising in any way in connection with any acts of any of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, whether matured or unmatured, liquidated or unliquidated, whether known or unknown, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "Claims" herein), with all such Interests and Claims released, terminated and discharged as to the Pilgrim Springs Property and to attach to the proceeds of the sale paid by Unaatuq, LLC.

5.     Notwithstanding the foregoing the transfer of the Pilgrim Springs Property is subject to, and is not free and clear of, the UAF License and the cemetery easement.

6.     This Order:  (a) is and shall be effective as a determination that, as of Closing, all Interests existing on the Pilgrim Springs Property before the Closing have been unconditionally released, discharged and terminated, and that the conveyances contemplated herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Pilgrim Springs Property.

7.     Each and every federal, state and local governmental agency or department hereby is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

8.     Except as otherwise expressly provided in the APA or related instruments or as otherwise provided in this Order, Unaatuq, LLC shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Pilgrim Springs Property other than for the Purchase Price and the UAF Licensee.  Without limiting the effect of the foregoing, the transfer of the Pilgrim Springs Property does not and will not subject Unaatuq,

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona 85701-
1621

LLC to any liability for claims against any Debtor or the Pilgrim Springs Property by reason of such transfer under the laws of the United States, any state, territory or possession thereof or the District of Columbia applicable to such transactions. Unaatuq, LLC shall not be deemed, as a result of any action taken in connection with the APA to: (a) be the successor of the Debtor; (b) have, de facto or otherwise, merged with or into the Debtor; or (d) be responsible for any liability of the Debtor or for payment of any benefit accruing to the Debtor, except as specifically provided for in the APA.

9.      This Court retains jurisdiction:  (a) to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith; (b) to compel delivery of the Pilgrim Springs Property to Unaatuq, LLC, (c) to resolve any disputes arising under or related to the APA, except as otherwise provided therein; (d) to interpret, implement and enforce the provisions of this Order, and (e) to hear and determine any and all disputes between Debtor and Unaatuq, LLC, and as the case may be, any other party with respect to this sale.

10.     Unaatuq, LLC is a purchaser in good faith of the Pilgrim Springs Property and is entitled to all of the protections afforded to a good-faith purchaser by Section 363(m) of the Bankruptcy Code.

11.     The terms and provisions of the APA and this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and its creditors, Unaatuq, LLC, and their respective affiliates, successors and assigns, and any affected third parties and persons asserting a claim against or interest in the Debtor's estate or any of the Pilgrim Springs Property to be sold to pursuant to the APA, notwithstanding any subsequent appointment of any trustee, as to which trustee such terms and provisions likewise shall be binding in all respects.

12.     The failure specifically to include any particular provisions of the APA or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the efficacy of such provision, document, agreement or instrument,

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-
1621

Order on Motion Approving Sale to Unaatuq LLC                                           Page 8 of 10
                                                                In re *Catholic Bishop of Northern Alaska,* Case No. 08-00110-DMD
QB\124448.00004\9894141.2

it being the intent of the Court that the APA and each such document, agreement or instrument be authorized and approved in its entirety.

13.     The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

14.     Upon the sale of the Debtor's Assets, the proceeds of the sale shall be distributed under the express terms set forth in this Order, and the Debtor shall have the authority to take such action as is necessary to effectuate the terms of this Order, including, without limitation, the authority to create accounts, and execute documents.

15.     The closing of the sale will occur no later than 5:00 pm, AkST, April 30, 2010 (the "Closing").

16.     At Closing, the proceeds of the sale to Unaatuq will be distributed as follows:

a)     The first $50,000 will be transferred to the Settlement Trustee.

b)     All remaining Net Sale Proceeds will be distributed to the Debtor for distribution pursuant to the Plan.

17.     The provisions of this Order shall be binding upon and inure to the benefit of the parties, and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Bankruptcy Case as a legal representative of the Debtor or its estate.

18.     The Court has and will retain jurisdiction to enforce this Order according to its terms.

**Quarles & Brady LLP**
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-
1621

19.     As provided by Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry and there shall be no stay.

DATED this 26th day of April, 2010.

/s/ Donald MacDonald IV
Donald MacDonald IV
U.S. Bankruptcy Judge

Serve:  S. Boswell, Esq.
K. Nye, Esq.
H. Rafatjoo, Esq.
M. Mills, Esq.
CM/ECF Case Participants per Notice of Electronic Filing
B. Collins, Esq.*

04/26/10

*courtesy copy served via e-mail 4/26/10 –aam

Quarles & Brady LLP
One South Church Ave.
Suite 1700
Tucson, Arizona  85701-1621

Order on Motion Approving Sale to Unaatuq LLC
QB\124448.00004\9894141.2

Page 10 of 10
In re *Catholic Bishop of Northern Alaska*, Case No. 08-00110-DMD